## NORTHCOT vs. THE STATE.

[INDICTMENT FOR MALICIOUS INJURY TO ANIMALS.]

1. *Malicious injury to animals; on trial of, who not a competent witness.*— The fine inflicted for the offense of malicious injury to animals, goes to the party injured, and for that reason he is an interested witness, and can not be examined on behalf of the State, if objection be made by the accused.

2. *Same ; evidence of malice to son of owner, inadmissible.*—In such a case, evidence of malice to the son of the owner of the animals should not be received, and if received, should be excluded on motion of the accused.

Northcot v. The State.

3. *Same; malice to owner, the gravamen of.*—Malice is the *gravamen* of this offense, and it must be malice to the owner. If the injury is inflicted, without any malice to the owner, it is a mere trespass, and not malicious mischief.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. J. McCALEB WILEY.

The facts necessary to an understanding of the points decided, will be found in the opinion.

J. D. GARDNER, for appellant.—1. The court erred in allowing Anderson, the party injured, and who, by section 3738 of the Revised Code, was interested, to testify.

Under the law in Aikin's Digest, 113, § 73, this court decided, in the case of *The State v. Truss*, (9 Por. 126,) that "if the State succeeds, and a conviction ensues, it does not necessarily follow, that the party injured will be benefitted by this result, for the jury may inflict imprisonment and *omit* the fine." Under the law in Clay's Digest, however, it was decided by this court, in the case of *Blackstone v. The State*, (15 Ala. 415,) that the circuit court erred in permitting the party to testify " whose property was the subject of the malicious mischief." In section 3599 of the Code of 1852, it was provided, in effect, that if the party injured testified, it would amount to a relinquishment of the fine, and " such fine is recovered for the use of the county in which the indictment is found," &c. This section is omitted in the Revised Code, and the law remains the same as under Clay's Digest, and comes within the precise meaning of the law, as construed in *Blackstone v. The State*, *supra*. Section 2704 of the Revised Code is only applicable to civil cases, or, at least, to cases " other than criminal cases."

2. The court also greatly erred in the remark made in the presence of the jury, upon the effect of the conversation between the witness, Anderson, and the defendant, upon the evening preceding the trial.

3. The court erred, also, in the third charge. The malice must be against the owner.—*Johnson v. The State*, 37 Ala

457; *Pierce v. The State,* 7 Ala. 728. It is not sufficient to show malice against the son.

4. The court erred in refusing the charges asked, and has no right to lay down a rule which would deprive a defendant or party of a legal privilege. It is easy to perceive that such a rule, as is shown by the bill of exceptions in this case, would work a great hardship to parties. It is fair to presume, that the court will charge the jury correctly, and .thus obviate the necessity of asking written charges. Of course the bar, as in this case, are always willing to notify the court as to the legal points relied upon, either in the argument or otherwise; but all the points may not arise within the prescribed time, and may be suggested by the charge itself. The point is expressly decided in a case reported in the American Law Register, vol. 7, 554, *People v. Garbutt.*

JOSHUA MORSE, Attorney-General, with whom was J. L. C. DANNER, *contra.*—The owner of the property injured was a competent witness for the State. The Code of Alabama of 1852 contained the statute law of this State, in a legal sense, until the Revised Code was adopted by a (legal) legislature, July 29th, 1868; which adoption did not exclude laws then in force, and not therein contained, by mere implication.—See Acts of Alabama, 1868, p. 7; *Miles v. The State,* 40 Ala. 39. If, then, section 3599 of the Code of 1852 had never been repealed, by adoption of the Revised Code, the owner, Anderson, was competent to testify under said section.

2. The third charge of the court, if erroneous, could not have misled the jury. We deem it, however, that the intent and effect of the charge was, that if malice toward the son of the owner was the inducing cause of a wanton, and necessarily injurious act, upon the property of the owner, the law implies malice toward the owner. In other words, express malice, if proven towards the son as the cause of the act done, would not repel the other presumption, that is, malice, in law, toward the owner; for *actual* ill will toward the owner of the property injured is not necessary—it is enough that the act be wantonly done.—*Mosely v. The State,*

28 Geo. 190. The law infers malice, from the unlawfulness of the act.—*Bristol & Co. v. Gridley*, 27 Conn. 221. Besides, the record does not negative the fact, that the son had no property, general or special, or right of possession, or interest in, or custody or control of the injured animals, either of which would be sufficient to sustain the conviction.—See *State v. Robinson*, 3 Dev. & Batt. 130.

3. The court could rightfully *control* the trial, and the time when charges should be submitted to the court for inspection and consideration. A reasonable rule on that subject, of the court below, will be sustained by the appellate court.

PECK, C. J.—The appellant was indicted under section 3733 of the Revised Code, for malicious injury to animals. It appeared in evidence that the injury was inflicted by shooting. On the trial, the State offered as a witness the owner of the animals charged to be injured, and he was admitted, against the objection of the accused, who thereupon excepted to the ruling of the court.

For this offense, the punishment, on conviction, is a fine of not less than twenty, and not exceeding five hundred dollars, and imprisonment in the county jail, or hard labor for the county, for not more than six months.

By section 3738 of the Revised Code, the fine, in such a case, goes to the party injured. We hold, therefore, that the owner is an interested party, and for that reason, an incompetent witness for the State.

For this error of the court, the judgment must be reversed.

There are several other objections made on the record, all of which we think it unnecessary to notice, as they may not arise on another trial. We will refer to two or three of them only. On the trial, the State introduced evidence tending to show malice, on the part of the accused, to the son of the owner of the animals. This evidence the court refused to exclude from the jury, on motion of the accused. On this evidence, the court charged the jury, "that malice to the son, is sufficient to sustain the charge of malice in this case, if that malice was the moving cause to the shoot-

ing of the stock, because he has a reversionary interest in the stock."

This evidence should have been excluded from the jury, and, consequently, the charge was improper, for this reason, if for no other. But the charge was wrong on principle. Malice is the *gravamen* of this offense, and it must be malice to the owner. If the injury was inflicted without any malice to the owner, it is a mere trespass, and not malicious mischief.

After the court had given a general charge to the jury, the accused proposed several charges in writing, and asked the court to give them to the jury. No objection was made to the matter of the charges, but the court refused to give them to the jury, because, on the previous circuit, a rule had been adopted by the court, that no written charge would be given, unless it was handed to the court before the general charge was given. The refusal of the court to give said charges, was excepted to by the accused. It not unfrequently happens, that a party may believe the general charge of the court needs to be explained, or limited ; and in such case, he certainly has the right to ask for a proper explanation or limitation, and, if asked in writing, the court is bound to give or refuse it, in the terms in which it is written.—Revised Code, § 2756. By this section, all charges moved for, by either party, are required to be in writing, and to be given or refused, in the terms in which they are written.

We are constrained to hold the rule, here referred to, an unwise rule, and we can not give it our sanction or approval. What is here said, we are persuaded will prevent its being adhered to in the future ; and as the judgment of the court below must be reversed, on account of the error in admitting the owner of the animals to testify as a witness on behalf of the State, against the objection of the accused, no further notice need be taken of the exception to the refusal of the court to give the charges asked.

Let the judgment of the court be reversed, and the cause remanded for a new trial.