## HILL *vs.* THE STATE.

[PROSECUTION FOR MALICIOUS INJURY TO ANIMALS.]

1. *Judgment; when erroneous charge will not reverse.*—A judgment will not be reversed for an erroneous charge of the court to the jury, if the appellant is not thereby injured.

2. *Bill of exceptions; presumptions in favor of ruling of court below, when does not contain all the evidence.*—When all the evidence is not set out in the bill of exceptions, the appellate court will presume in favor of the correctness of the rulings of the court below, in its charges to the jury. If a charge asked is refused, the party excepting must set out enough of the evidence to exclude every reasonable inference in favor of the decision of the court below.

3. *Malice; from what may be inferred.*—On a charge for malicious injury to animals, malice may be inferred, if the injury is inflicted with an instrument, the use of which ordinarily and commonly causes death.

4. *Jurisdiction; when prosecution is by statement of solicitor, for misdemeanor committed within a quarter of a mile of county line.*—Where a prosecution is not by indictment, the fact that the offense, a misdemeanor, was committed in an adjoining county, but within a quarter of a mile of the line of the county where the prosecution is had, is no reason for the reversal of a correction. In such a case the jurisdiction is in either county.

APPEAL from the Circuit Court of Bullock.
Tried before the Hon. J. McCALEB WILEY.

THE opinion contains the facts of this case.

CAREY, CUNNINGHAM & YOUNGBLOOD, and J. N. ARRINGTON, for appellee.—1. The first charge was erroneous, because it authorized the jury to convict the defendant, although the offense was committed in the county of Macon. Section 3945 (397) of the Penal Code is unconstitutional.—See § 8 of Declaration of Rights; *Armstrong v. The State,* 1 Caldwell, 338; Bish. Crim. Law, vol. 2, § 837, 2d edition.

2. The second charge is erroneous.—*Pierce v. The State,* 7 Ala. 728; Bish. Crim. Law, vol. 2, § 837, 2d edition.

3. The charge requested by the prisoner should have been given.—*Pierce v. The State, supra.*

JOSHUA MORSE, Attorney-General, *contra.*—1. The indictment or complaint is sufficient.—Code, § 4141, form 56, p. 314.

2. The court had jurisdiction of the case.—Code, § 3945.

3. This act is not in violation of the constitution. The law defines the "district in which the offense was committed," to be the county, and one quarter of a mile in extensions along the entire line. That is the district, otherwise, there can be nothing for the constitution to operate upon.—See § 8, Article 1, Const. ; *Armstrong v. The State*, 1 Caldwell's Tenn. Reports, 338.

4. There was no necessity for an indictment. The complaint was sufficient. The legislature had a right to dispense with a grand jury in cases of this class, and they have done so.—Constitution, Article 1, § 10.

5. There was no error in the charge of the court. The jury had the right to infer malice from a great variety of circumstances and facts.

6. The bill of exceptions does not set out " all the evidence." The evidence set out is insufficient upon which to base a reversal. The appellate court will make every reasonable presumption in favor of the court below.

PECK, C. J.—We have examined the record in this case, without discovering any available error in it for the appellant.

The appellant, Wash Hill, was prosecuted in the county court of Bullock county, for unlawfully and maliciously killing a hog, said to belong to one Betty Ray, found guilty, and fined twenty dollars.

From the judgment of the county court, he appealed to the circuit court of that county, was there tried by a jury, without indictment, on a statement made by the solicitor, under section 4059 of the Revised Code, convicted, and fined fifty dollars.

It was admitted, on the trial, that the hog was killed in the county of Macon, within a quarter of mile of the county line, between Macon and Bullock counties.

After the evidence was closed, the court charged the jury " that the defendant was charged with unlawfully and

Hill v. The State.

maliciously killing a hog, the property of Betty Ray, the prosecutrix; that in order to entitle the State to a conviction, the State must prove, to the satisfaction of the jury, beyond a reasonable doubt, that the defendant did unlawfully and maliciously kill the hog, the property of Betty Ray, in the county of Bullock, or, if done in the county of Macon, then within one quarter of a mile of the county line between said county of Macon and Bullock, within twelve months before the commencement of the prosecution, and if they found the defendant guilty, they could assess a fine of not less than one mill nor more than five hundred dollars." The court also charged the jury, that if the defendant killed the hog, the property of Betty Ray, by shooting it with a musket, then the jury might infer malice from the instrument used in killing the hog.

To these charges the appellant excepted, and asked the court, in writing, to give the following charge : " That while the jury may look to all the evidence, to ascertain whether the act of killing was done in a wanton and cruel manner, and thus infer malice ; yet the jury may also look to the fact, that the owner of the hog was examined as a witness, and if the State failed to prove the state of feeling, as to friendship or malice, subsisting between herself and defendant, the absence of such evidence is a circumstance against the idea that the act was done maliciously." The court refused to give this charge, and the appellant excepted.

The bill of exceptions does not pretend to set out all the evidence in the case.

When all the evidence is not set out in the bill of exceptions, this court will presume in favor of the correctness of the ruling of the court below, in its charges to the jury. *McElhaney v. The State*, 24 Ala. 71.

If a charge asked is refused, the party excepting must state enough of the evidence to exclude every reasonable inference in favor of the decision of the court.—*Morris v. The State*, 25 Ala. 57.

The first charge given by the court is erroneous, but the error is in favor of the appellant, and not against him ; therefore, he cannot be permitted to complain of it.

22

In such a case as this, the fine, on conviction, cannot be less than twenty dollars.—Revised Code, section 3733 Yet, the court charged the jury, if they found the defendant guilty, they might asses a fine from one mill to five hundred dollars. The appellant certainly cannot complain of that. As this is not a prosecution by indictment, there is nothing in the objection that the offense was, in fact, committed in Macon county, and not in the county of Bullock, the county in which the defendant was prosecuted.—Sections 8 and 11, Bill of Rights; section 3645, Revised Code.

In cases of homicide and assaults, with intent, malice may be presumed from the weapon used.

If life is destroyed by a blow with the fist, or with a small stick, as such a blow does not ordinarily or commonly kill, no presumption of malice arises in such a case; but if a deadly weapon is employed—a weapon, the use of which ordinarily and commonly causes death, or inflicts great bodily injury, we naturally infer an unlawful and wicked intent, from the employment and use of such a weapon. This is malice.

So in the case of unlawful and malicious injury to animals. The offense consists in the malice, for if the injury is merely unlawful, then it amounts only to trespass; and as in homicide and assaults with intent, malice may be presumed from the use of a dangerous, deadly weapon; for the same reason, in this offense, if the injury is unlawful, malice may be inferred from the instrument used. I say, if the injury is unlawful, malice may be inferred from the instrument used; but if it is lawful to do the injury, as if the injury is inflicted on an enraged bull, or an ox, that is used to push with the horns, and the person or property of a party is in danger, then it is lawful not only to injure, but to kill such an animal; consequently, the law does not infer malice solely from the instrument employed.

But, in this case, the evidence does not show that the animal killed was a dangerous animal, or was doing, or attempting to do, the defendant or his property any injury. The killing, therefore, was unlawful, and as the killing was with an instrument, the use of which commonly destroys life, malice might well be inferred by the jury. There is,

for these reasons, no error in the second charge of the court.

The charge asked was rightly refused ; it was in writing, and had to be given or refused in the terms in which it was written.—Section 2756 of the Revised Code.

If any part of the charge was improper, the whole had to be denied. The latter part of this charge is of that character. It is this : That as the owner of the animal destroyed was examined as a witness, if the State failed to prove the state of feeling, as to the friendship or malice, between her and the defendant, the absence of such evidence was a circumstance against the idea, that the act was done maliciously. But as the record does not show at whose instance the owner was examined, as the fine, on conviction, goes to the owner, in such cases, the owner is, therefore, an incompetent witness for the State. The presumption, for this reason, is, she was examined by the defendant.

Why did he not examine this witness as to that matter ? Probably because he knew, or had reason to believe, the evidence of the witness would do him no good. However this may be, the omission to cross-examine this witness at all, can raise no unfavorable inference against the prosecution. It is no uncommon thing for a party to omit to cross-examine a witness, and it must be a very peculiar case, that such an omission could properly operate to the prejudice of the party. The State may have been satisfied with the evidence already before the jury, on the question of malice, and unwilling to endanger the case by further examination on that subject. Whatever may have been the reason of the prosecuting attorney, that induced him to omit an examination of this witness, as to that matter, we hold the omission raised no presumption in favor of the defendant, or against the State. The charge, therefore, was properly refused.

Let the judgment be affirmed at the cost of the appellant.