## HOBSON vs. THE STATE.

[PROSECUTION FOR MALICIOUS MISCHIEF.]

1. *Malicious injury to animals ; what essential ingredient of.*—Malice towards the owner is an essential ingredient of the offense of malicious injury to animals.

2. *Same ; when malice may be inferred.*—When the injury is unlawfully committed, requisite malice may be inferred from the instrument used, the wantonness of the deed, and any attendant circumstances which would justify the inference in other crimes where malice is a necessary constituent.

APPEAL from the Circuit Court of Hale.

Tried before Hon. M. J. SAFFOLD.

The appellant was tried on a statement by the solicitor, on appeal from the county to the circuit court, for "unlawfully and maliciously killing a hog, the property of Nathan Lewis, colored, &c." The appellant was "hog minder" for the owner of the plantation on which Lewis lived, and as such was in the habit of carrying a gun. The hogs of Lewis and other laborers on said farm, had lately eaten up some kids belonging to the plantation, and on that occasion, Lewis and other farm hands being present, the proprietor of the place informed them that they must keep their hogs up in pens as they had contracted to do, or otherwise he would have the hogs shot, and instructed the appellant in the hearing of Lewis and other negroes to shoot any hogs getting out. " Neither Lewis nor any of the hands objected to this, but promised to keep their hogs up." The appellant and Lewis had lived on the same place for years, and no ill feeling or grudge existed between them. It was proved, however, that when the hog was killed, the hog being among the kids at the time, that appellant had sent Lewis word "he had a dead hog out there," and remarked that " he would load up his gun and and blow him up, if he made any fuss." These were all the material facts developed on the trial.

After the court had charged the jury as to the law appli-
cable to the case, the appellant requested the following
charges in writing:

1st. "It is incumbent on the State to prove to the satis-
faction of the jury that the defendant killed or wounded
the animal, both unlawfully and maliciously; and unless
they are satisfied beyond a reasonable doubt that the de-
fendant had malice against the owner of the hog they
must acquit him."

2d. "If the jury believe that the defendant killed the
hog of Lewis, and thought he had a right to do so under the
instructions of his employer, the proprietor of the prem-
ises, and without malice to the owner of the property, they
must acquit the defendant."

The court refused to give these charges; defendant ex-
cepted, and now assigns the refusal to give the charges as
error.

COLEMAN & SEAY, for appellant.
JOSHUA MORSE, Attorney-General, contra.

B. F. SAFFOLD, J.—The appellant was prosecuted
under § 3733 of the Revised Code, for malicious injury to
animals.

The real essence of this offense is malice towards the
owner of the animal injured.—Northcot v. The State, 43 Ala.
330; Hill v. The State, 43 Ala. 335; 37 Ala. 459;
7 Ala. 728.

The two charges asked should have been given.

It is not indispensable to a conviction that the defend-
ant did or said any thing, either before or after the com-
mission of the act, indicative of express malice towards the
owner. Malice may be inferred, if the injury is unlawful,
from the instrument used or the wantonness of the deed,
and from any attendant circumstances which would justify
the inference in other crimes where malice is an essential
constituent.

The judgment is reversed and the cause remanded. The
prisoner will be kept in custody until discharged by due
course of law.