STATE OF MISSOURI, Respondent, v. PETER ZINN,
Appellant.

**St. Louis Court of Appeals, May 3, 1887.**

CRIMINAL LAW—WANTON DESTRUCTION OF HEDGE.—An information, charging the defendant with having wantonly cut down the hedge of another, is not sustained by proof that he cut the hedge properly as an act of husbandry, believing it to be on his own land when, in fact, it was on another person's land.

APPEAL from the Lawrence County Circuit Court, M. G. McGREGOR, Judge.

*Reversed and the defendant discharged.*

ADIEL SHERWOOD, with N. GIBBS, for the appellant.

W. B. SKINNER, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was a criminal information, under section 1359, Revised Statutes, charging the defendant with unlawfully, wantonly, wilfully, and without right, breaking and cutting down a portion of a certain hedge belonging to, and enclosing, lands not his own, etc. The prosecution was commenced before a justice of the peace; on an appeal to the circuit court and a trial there, before a jury, the defendant was found guilty, and adjudged to pay a fine of ten dollars and costs, from which judgment this appeal is prosecuted.

All the evidence in the case is compatible with the conclusion that the defendant, being an adjoining landowner with Hogomeyer, the prosecuting witness, and there being a dispute between them as to the boundary,

VOL. xxvi—2

cut a small portion of a hedge, claimed by Hogomeyer to be on his land, and claimed by the defendant to be on his, in the usual and customary way for trimming hedges. The evidence showed that the county surveyor had established a new corner, twenty-five or thirty feet north of the old corner, which would have the effect of removing the boundary line between Hogomeyer and the defendant twenty-five or thirty feet north of the line claimed by Hogomeyer. The new survey had been made, and the new corner established, prior to the cutting of the hedge. The testimony, as we read it, indicates that the hedge which was cut stood on the defendant's land, according to the new survey. There is nothing in the testimony which indicates any purpose, on the part of the defendant, to engage in a wanton or malicious destruction of the property of Hogomeyer. He evidently trimmed the hedge, which he believed to be on his own land, in the manner in which a hedge of that size is properly trimmed.

The statute was not intended to be invoked to settle disputed questions of boundary between co-terminous land-owners, and it is scarcely necessary to say that it was not intended to punish a man for making an honest mistake in regard to his own legal rights. We stopped counsel for the defendant in their argument as soon as we read the testimony of the witnesses ; and, after re-reading it, we remain of opinion that this is plainly a case of an abuse of criminal process, and that the learned judge, after hearing the testimony, should have directed a verdict for the defendant.

Judge Rombauer concurring, it is ordered that the judgment be reversed and the defendant discharged. Lewis, P. J., is absent.