## BEN H. COLBERT v. STATE.

(124 Pac. 78.)

No. A-1118.    Opinion Filed June 6, 1912.

1. **MALICIOUS MISCHIEF—Elements of Offense—Statutory Provisions.** Section 2692, Comp. Laws 1909, creating the offense of malicious mischief for defacing or destroying real or personal property, was intended to protect the owner of such property, and is not for the protection of the property itself.

2. **SAME—Malice.** Malice toward the owner of such property is a necessary ingredient of the offense.

3. **SAME.** If it be shown that a defendant has defaced or destroyed personal property not his own without malice toward the owner, but acting in good faith under a claim of right, the charge of malicious mischief cannot be sustained.

(Syllabus by the Court.)

*Appeal from Johnston County Court;*
*Nick Wolfe, Judge.*

Ben H. Colbert was convicted of malicious mischief, and his punishment was assessed at a fine of $50, and he appeals. Reversed and remanded.

Upon the trial of this cause appellant requested the court to instruct the jury as follows:

"(1) You are instructed that, this being an information for malicious mischief, malice is a necessary ingredient to be proved, or made to appear from the facts or circumstances proved. Without this ingredient, the crime is not complete, and the act complained of would be only a trespass, for which the party or parties injured would be compelled to resort to a civil action for redress, and not a criminal prosecution, and, unless you believe from the evidence beyond a reasonable doubt that such malice has been proved, it is your duty to acquit the defendant.

"Refused by the court and excepted to by defendant.

"NICK WOLF, County Judge.

"(2) You are instructed that the malice necessary to constitute this offense must exist against the owner or owners of the property as charged in the information. Malice against the property, if proved, will not warrant a conviction. In order to convict the defendant upon this information, the prosecution must prove, to the satisfaction of the jury beyond a reasonable doubt, that the defendant knew the property in question belonged to the parties as charged in said information, and so knowing, willfully and deliberately injured the same through malice toward the said owners as charged in said information, and, unless this is done, it is your duty to acquit the defendant.

"Refused and excepted to by the defendant.

"NICK WOLF, County Judge.

"(3) You are further instructed that if you believe from the evidence that the three telephone posts alleged in the information to have been cut down by defendant had been erected upon defendant's land over his objection, and after he had refused his consent to their erection upon his land, and if you further believe from the evidence that defendant gave due and reasonable notice to the owners of the said telephone posts to remove the same from defendant's land, and if you further believe from the evidence that the defendant in cutting down said poles did not do so in a wanton·spirit of destruction· of property, but did use only the force and means necessary to remove said poles from his land, then you will find that the defendant lawfully abated a nuisance menacing his property rights and interfering with his quiet and peaceable possession of the said property, and it will then be your duty to acquit the defendant.

"Refused and excepted to by defendant.

"NICK WOLF, County Judge.

"(4) The jury are instructed that the injury to the property must be of such character as to impair the utility of the property, and negligence or even injury caused in the heat of passion, upon dispute, will not constitute the offense, but only willfulness and malice will constitute the offense, and the question of malice and willfulness is for the jury, which is to convict only upon a finding that the injury was done maliciously and willfully, and, unless you do so find from the testimony beyond a reasonable doubt, it is your duty to acquit the defendant.

"Refused and excepted to by defendant.

"Nick Wolf, County Judge.

"(5) You are further instructed that if you believe from the evidence that the defendant in cutting down the three telephone posts alleged in the information to have been cut down by defendant did cut down the said posts acting under a reasonable claim of right and the honest belief that the said posts were on his land and a menace to his quiet and peaceable possession of the same, then, whether the posts were actually on his land or not, if the defendant did have the honest belief in good faith that they were, you will find that he did the acts charged without malice toward the owners of the said telephone posts, and, since malice must be present to constitute the crime of malicious mischief, it will be your duty to acquit the defendant.

"Refused and excepted to by defendant.

"Nick Wolf, County Judge."

*Gullett & Monk,* for appellant.

*E. G. Spilman,* Asst. Atty. Gen., for the State.

FURMAN, P. J.  The information in this case is based on section 2692, Comp. Laws 1909:

"Malicious Mischief.—Every person who maliciously injures, defaces or destroys any real or personal property not his own, in cases other than such as are specified in the following sections, is guilty of a misdemeanor, and in addition to the punishment prescribed therefor, he is liable in treble damages for the injury done, to be recovered in a civil action by the owner of such property or public officer having charge thereof."

This section was evidently intended to protect the owner of property, and was not meant to protect the property itself. Under the provisions of this statute, it matters not what the motives of the owner of property may be, he may deface or destroy

it at pleasure without being liable to the pains and penalties prescribed therein. The statute also creates an increased civil liability for damages in favor of the owner of property so defaced or destroyed.

From this it is clear that the malice necessary to constitute this offense must be entertained against the owner of the property so defaced or destroyed, and that an act will not constitute malicious mischief where it is done in good faith and under a reasonable claim of right. See *Commonwealth v. Drass,* 146 Pa. 55, 23 Atl. 233. In prosecutions for malicious mischief, malice toward the owner of the property injured is the gravamen of the offense, without which it would be a mere trespass. 2 Wharton's Criminal Law, 1070; 2 Bishop's New Cr. Law, sec. 996; Desty's Cr. Law, 144c. The intent with which an act is done is material, and, if it be shown that the defendant acted in good faith or under a claim of right, the charge of malicious mischief cannot be sustained, and any evidence tending to rebut the charge of malice or going to show the animus of the defendant is admissible. *Woodward v. State,* 33 Tex. Cr. R. 554, 28 S. W. 204. In the case of *Adams v. State,* 47 Tex. Cr. R. 35, 81 S. W. 963, it was held that digging a ditch on the land of another under the belief that it was the land of the defendant is not punishable under a statute prohibiting a willful and malicious injury or destruction of real property. In the case of *State v. Quinn,* 26 Mo. App. 17, it was held that, where a defendant had trimmed a hedge which he honestly believed to be on his own land, he could not be convicted for a willful and wanton destruction of such hedge, although the proof might show as a matter of fact the hedge was not on the land of the defendant.

It has been repeatedly decided that in cases of malicious mischief the spirit in which the act was done must be toward the owner of the property, and not against the property itself. *State v. Wilcox,* 3 Yerg. (Tenn.) 278, 24 Am. Dec. 569; *Northcot v. State,* 43 Ala. 330; *Hobson v. State,* 44 Ala. 380; *Newton v. State,* 3 Tex. App. 245; *State v. Robinson,* 20 N. C. 130, 32

Am. Dec. 661. It is not malicious mischief to tear down a fence which a party believes is a trespass on his rights. *Sattler v. People,* 59 Ill. 68; *Palmer v. State,* 45 Ind. 388; *Commonwealth v. Cole,* 26 Pa. 187. The case of *State of North Dakota v. Minor,* 17 N. D. 454, 117 N. W. 528, 19 L. R. A. (N. S.) 273, presents an instructive discussion of this question. In connection with this case there will also be found an exhaustive annotation of authorities from which it appears that the word "maliciously," as used in statutes relating to the crime of malicious mischief, imports that the act which constitutes the offense must have resulted from actual ill will or revenge and intent to vex and annoy the owner of the property injured. We are therefore of the opinion that the court erred in refusing to give the instructions requested by counsel for appellant. We think they are all applicable to the evidence, and that they correctly state the law. If this case is tried again, we suggest to the county attorney that he file a new information in harmony with the views expressed in this opinion. The objections made to the information are well founded. The principles of law involved in this case are well settled, run all through the law, and are absolutely just. If A. takes a horse or cow or any kind of personal property, believing it to be his, he cannot be guilty of theft, although it may afterwards turn out that as a matter of fact such property belonged to another. Why is this the law? Because a fraudulent intent is absolutely necessary before the crime of theft can be committed. If A. kills another, acting in good faith upon reasonable appearances of danger to his life, although it may afterwards turn out that the danger was not real, but was only reasonably apparent, he is not guilty of murder or of any degree of unlawful homicide. Why? Because the intent with which life is taken is the gravamen of the offense. As the law makes malice toward the owner of the property defaced or destroyed the gravamen of the offense of malicious mischief, it must be proven to exist beyond a reasonable doubt. As we have never before had occasion to construe this statute, and as it is a matter of importance that the true meaning should be known, we have

gone into the question presented as thoroughly as possible. If appellant has committed a trespass upon the property of others, the parties injured have their remedy in a civil action. Unless the state can secure additional evidence showing malice toward the owners of the property defaced, it will be useless to retry this case. Again, if it be true that the telephone wire was hung up in such manner as to interfere with the ability of appellant to have ingress to or egress from his farm as was testified to by appellant and not denied by any witness for the state, it would constitute a nuisance, and he would have the right to cut such wire in order that he might have such ingress or egress, and such act would not be a criminal offense or even ground for a civil action. The right of a person injured by a private nuisance to summarily abate such nuisance is clearly stated in 29 Cyc. p. 1214, as follows:

"Private Nuisance. It is well established that a person who is aggrieved by a private nuisance has the right to abate the same by his own act, upon his own motion, without instituting any legal proceedings. So the person aggrieved may kill a dog which haunts his premises, and by barking and howling becomes a nuisance, cut off branches of a neighbor's trees overhanging his land, remove a part of an adjoining owner's wall which overhangs his premises, or cut off the eaves of a building overhanging his property."

In the case of *Pilcher v. Hart,* 1 Humph. (Tenn.) 524, it was held that, although a person may have assented to the creation of a private nuisance, this would not take away his right to afterwards abate the same if he found it injurious. In *Hickey v. Mich. Cent. Ry. Co.,* 98 Mich. 498, 55 N. W. 989, 21 L. R. A. 729, 35 Am. St. Rep. 621, the Supreme Court of Michigan held that a railway company had the right to cut off branches from trees growing on premises adjacent to its right of way where such overlapping branches were injurious to the rights of the company. In connection with this case will be found a great number of authorities supporting this doctrine. Where a tree growing on the land of A. has branches which project over the land of B., B. has the right to cut off everything which overhangs his land. Cooley on Torts, p. 672. A party aggrieved by a private

nuisance may have his action for damages or he may summarily abate the nuisance. *Harvey v. Dewoody*, 18 Ark. 252. The Supreme Court of Iowa has decided that a person may abate a private nuisance by his own act when it appears that such nuisance is injurious to such person or his property at the time of such abatement. *Moffett v. Brewer*, 1 G. Greene (Iowa) 348. We might continue to cite authorities on this question indefinitely. In fact, the law upon this subject is well settled.

The judgment of the lower court is reversed, and the cause is remanded for proceedings in harmony with this opinion.

ARMSTRONG and DOYLE, JJ., concur.