## CARL C. RATABAUGH v. STATE.

No. A-3681.   Opinion Filed Sept. 23, 1922.
(209 Pac. 230.)

Appeal from County Court, Payne County; Wilberforce Jones, Judge.

Carl C. Ratabaugh was convicted of malicious mischief, and he appeals. Reversed and remanded.

[Former opinion, published in 209 Pac. 178, withdrawn.]

John P. Hickam, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM. This is an appeal from the county court of Payne county, wherein the defendant was convicted of the crime of malicious mischief, and sentenced to pay a fine of $25.

On the trial in the court below the defendant represented himself, and, being a farmer and not versed in the trial of lawsuits, failed to make any objections or reserve any exceptions, such as to reserve many questions of law that properly could have been presented in this court on appeal. However, it is contended that there is an entire failure to prove that degree of malice which this court has held to be necessary in a prosecution of this kind. See Colbert v. State, 7 Okla. Cr. 401, 124 Pac. 78.

This prosecution arose over a dispute as to the location of a division line between the lands of the defendant and those time the county surveyor made a survey between the two pieces of his neighbor, McFeaters, and the controversy had been a of land for the purpose, presumably, of establishing a road. matter of dispute between them for some years, up until the Defendant appealed from that survey, and his appeal pended

in the district court for a considerable length of time, when it was dismissed on the motion of the county attorney for failure to prosecute the same. Neither defendant nor his counsel were present in the court at the time such appeal was dismissed. Counsel for defendant, having had a matter in another court, upon his return filed an application to have the appeal reinstated, and, as near as we can glean from this record, such matter was pending at the time it is contended that defendant tore down a fence erected by the prosecuting witness, McFeaters, which defendant contends was erected upon his (defendant's) land, and which fence inclosed defendant's house and outbuildings upon land which McFeaters claimed was his.

Under the circumstances, we believe that the act of defendant in removing the fence from land upon which his house and outbuildings had been standing for several years, and from a line located by a survey from which defendant had appealed, does not show such malice against the owner of the property injured, necessary to sustain a conviction under the malicious mischief statute. The criminal courts should not be employed in instances of this kind, but the individual should be required to resort to civil remedies.

For reasons stated the conviction is reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.