## TERRELL LEWIS v. STATE.

No. A-8585.   Nov. 24, 1933.
(27 Pac. [2d] 363.)

Denver N. Davison and J. R. Huggins, for plaintiff in error.

J. Berry King, Atty. Gen., and George J. Fagin, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Pontotoc county of malicious mischief, and his punishment fixed at a fine of $300. The prosecution is under section 2333, Okla. Stat. 1931, and in substance alleges that defendant did willfully, maliciously, and unlawfully tear down and destroy certain real property of the Hart Camp, No. 61, Woodmen of the World, a building upon a described lot.

The record discloses that the father of defendant owned the lot and the lower story of the building in question and gave the building to defendant. The upper floor at one time belonged to the Woodmen of the World, and upon an order being made by the Grand Lodge that property of a subordinate lodge would, on a certain date, become the property of the Grand Lodge, the second story was conveyed to certain individual members. This local lodge had six members, and, while ostensibly keeping up an organization, had not had a meeting for some four years. When defendant began tearing down the building, he was served with a restraining order issued out of the district court; but the record is that at the time set for hearing on the restraining order no hearing was had, no further order was made, and the restraining order became defunct.

When defendant began tearing down the building, there were some negotiations between him and some of the members of the lodge. Excerpts from the testimony of certain of the state's witnesses are:

"Q. He said it was his (referring to defendant)? A. Yes, sir, and I told him if he would come with me I

would look it up on the records and if they said it was his, all right, if they said it was ours, all right, but he wouldn't compromise or agree to do anything. I went over and called Mr. Thompson and told him the situation and of filing this complaint. Some two or three days after that he was still going ahead and wrecking the building and an injunction proceeding was got out against him and the injunction was, I understand, carried and served by Corbin, deputy sheriff. Anyway he went ahead. Q. He purported to own it and have the right to tear it down? A. Yes, sir. * * * Q. You didn't want any of the lumber? A. No, sir, we did offer to go in and wreck the building so we could get our part and he could get his part."

It is thus evident that a controversy over the ownership of the upper story of the building existed. There is no proof of malice in the acts of defendant, but rather an assertion of the ownership of the entire building, which may, or may not, be correct. Malice is a necessary ingredient of the offense. Colbert v. State, 7 Okla. Cr. 401, 124 Pac. 78. But it need not be, and generally cannot be, proven by direct and positive evidence. It may be proven by circumstances or may be inferred from evidence of the commission of acts or the manner in which they are committed as would justify the inference of malice in other crimes where it is a necessary element. Hobson v. State, 44 Ala. 380. Whatever rights the prosecuting witness may have in the building should be determined in a proper civil action and not in a criminal prosecution.

The case is reversed and remanded, with directions to dismiss.

DAVENPORT and CHAPPELL, JJ., concur.