· Tom MORAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12453.

Criminal Court of Appeals of Oklahoma.

Sept. 11, 1957.

Rehearing Denied Sept. 11, 1957.

Second Petition for Rehearing Denied Oct. 16, 1957.

Sid White, Dick Jones, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Amos Stovall, County Atty. of Tillman County, for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Tom Moran, defendant below, was charged by information in the County Court of Tillman County, Oklahoma, with the offense of malicious mischief by cutting fence wire and pulling up posts or destroying about twenty feet of fence. The said fence allegedly belonged to one Homer Young, defendant's adjoining property owner. The offense was alleged to have been committed on April 25, 1955. Defendant was tried by a jury, convicted, and his punishment fixed at $500 fine and 10 days in jail as provided in 21 O.S.1951 § 1760. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

Briefly, the facts, as reflected from the record, herein, are as follows. The defendant, Tom Moran, is the owner of the south-east quarter of Section 12, T 1 N, R 19 W, Tillman County, Oklahoma. The prosecuting witness, Homer Young, is the owner of the north-east quarter of Section 13, T 1 N, R 19 W, Tillman County, Oklahoma. The defendant and Young got into a dispute over the location of the fence line running east and west between their quarter sections. Mr. Moran contended that Mr. Young's fence was actually several feet north of the original survey line and over on his property. No prescriptive rights are involved since none are asserted, herein. The record reflects that Mr. Moran, in an effort to resolve the difference and accurately ascertain the line between the two properties, sought to obtain a survey under the provisions of 19 O.S.1951 §§ 582–592. Failing in his repeated efforts to get a joint survey as provided by law, the defendant personally hired Brice Agee, County Surveyor of Tillman County, Oklahoma, to make a survey and thus ascertain the boundary between Young's land and his own. On December 10, 1954, this survey was made and showed the east-west fence line separating Mr. Moran's south-east quarter from Mr. Young's north-east quarter to be 31½ feet north over the proper line and on Moran's property. Thereafter, he sought to have a legal survey made. His requests were made on the County Surveyor, Agee, on January 26, 1955, and February 9, 1955, for such survey as by law provided. The defendant even went so far as to appeal to the County Commissioners, but was rebuffed. It appears the County Attorney advised the County Surveyor and Mr. Moran not to proceed with a survey without an order of the court. Later, Mr. Moran instituted a mandamus action for the survey. The record also shows Mr. Young instituted a bill for injunction and obtained a restraining order prohibiting Mr. Agee from making the survey. Mr. Young testified, in the within case, he did not want the expense of a survey. It is well to observe he had money for a civil suit to prevent such a survey. Thereafter, on April 25, 1955, Mr. Moran, having been frustrated in two efforts to preserve his rights, sought to abate the encroachment on his land, as charged, "by removing thirty feet of fence and posts therefrom." This he denied having done, but the matter being a question for the jury,

the evidence was sufficient to support the finding that he did remove the fence.

Nevertheless, it clearly appears that Mr. Moran was acting on the strength of Mr. Agee's survey, the results of which Agee testified he informed Mr. Moran. Agee filed the certificate of survey in his records as a valid and official document. It is apparent that the defendant's action in removing the fence was under a claim of right based upon this survey.

Notwithstanding the surveyor had taken Mr. Moran's money and filed the certificate of the survey in his office as an official record, and advised Mr. Moran of the correctness of its findings, on the witness stand, herein, he stated his survey was inaccurate and unreliable. It is apparent that Mr. Moran was taken completely by surprise by Mr. Agee's testimony, but the trial court would not permit his impeachment.

On this state of the record, the hereinbefore mentioned judgment and sentence was imposed and appeal perfected. The state of the record having been called to our attention, in precaution we ordered another survey be conducted by a disinterested surveyor. After notice to all interested parties and in their presence, Mr. Paul Hughes, graduate of Oklahoma State University, Stillwater, Oklahoma, County Surveyor of Beckham County, Oklahoma, made the survey. Said survey established the fact that Mr. Young's fence was twenty feet north on Mr. Moran's land, and that the wires had been cut approximately five or six feet north of the corner between said properties. Hence, under both of said surveys, Mr. Moran was within his lawful rights in removing the fence from his land and this Court entered, on June 26, 1957, an order of reversal and dismissal of this prosecution.

■ As hereinbefore indicated, this action was brought under the provision of the general malicious mischief statute, 21 O.S. 1951 § 1760, which reads as follows:

"Every person who maliciously injures, defaces or destroys any real or personal property not his own, in cases other than such as are specified in the following sections, is guilty of a misdemeanor, and in addition to the punishment prescribed therefor, he is liable in treble damages for the injury done, to be recovered in a civil action by the owner of such property or public officer having charge thereof."

Under the situation herewith presented and the provisions of the foregoing statute, and "cases other than such as are specified in the following sections," this action should have been brought under the provisions of 21 O.S.1951 § 1769, relating to timber, fences, etc., reading as follows:

"Every person who shall wantonly or maliciously cut, dig up, or injure any timber set out, planted, cultivated, or growing naturally, or who shall wantonly or maliciously open, let down, throw down, or prostrate any fence, gate or bars, belonging to any enclosure of any description of cultivated and growing timber, or tears down or opens any such fence, gate, or bars, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by imprisonment in the county jail not exceeding thirty days, or by fine not exceeding one hundred dollars, or by both such fine and imprisonment, and shall be liable in damages to the party injured."

■ Under the leading case applying the principles of the law with regard to malicious mischief, Colbert v. State, 7 Okl. Cr. 401, 124 P. 78, 79, it is held:

"* * * an act will not constitute malicious mischief where it is done in good faith and under a reasonable claim of right. * * *

"It is not malicious mischief to tear down a fence which a party believes is a trespass on his rights. * * * As the law makes malice toward the owner of the property defaced or destroyed the gravamen of the offense of malicious mischief, it must be proven to exist beyond a reasonable doubt. * * * If appellant has committed a trespass

upon the property of others, the parties injured have their remedy in a civil action. Unless the state can secure additional evidence showing malice toward the owners of the property defaced, it will be useless to retry this case. * * *

"A party aggrieved by a private nuisance may have his action for damages or he may summarily abate the nuisance. Harvey v. Dewoody, 18 Ark. 252. The Supreme Court of Iowa has decided that a person may abate a private nuisance by his own act when it appears that such a nuisance is injurious to such person or his property at the time of such abatement. Moffett v. Brewer, 1 G.Greene, Iowa, 348. We might continue to cite authorities on this question indefinitely. In fact, the law upon this subject is well settled."

A case involving a fence line dispute which quoted Colbert v. State with approval is Ratabaugh v. State, 21 Okl.Cr. 465, 209 P. 230, 231. Therein, the Court said:

"Under the circumstances, we believe that the act of defendant in removing the fence from land upon which his house and outbuildings had been standing for several years, and from a line located by a survey from which the defendant had appealed, does not show such malice against the owner of the property injured, necessary to sustain a conviction under the malicious mischief statute. The criminal courts should not be employed in instances of this kind, but the individual should be required to resort to civil remedies."

█ In light of the foregoing authorities, the record conclusively shows that Mr. Moran acted without a breach of the peace and did no unnecessary injury in asserting his rights, which, under the surveys, were more than substantial. Therefore, we are of the opinion this action does not fall within the purview of either 21 O.S. 1951 § 1760 or § 1769 and should not have been instituted. Under the facts presented, the case is a civil and not a criminal matter.

For the above and foregoing reasons, the petition for re-hearing is denied and this action is accordingly reversed and remanded with directions to dismiss.

POWELL and NIX, JJ., concur.