**Richard McDARIS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17695.**

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1973.

Leslie D. Page, Ponca City, Kay County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Richard McDaris, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Kay County, Oklahoma, for the offense of Malicious Injury to Property; his punishment was fixed at thirty (30) days in the county jail and One Hundred Dollars ($100.00) fine, and from said judgment and sentence, a timely appeal has been perfected to this Court.

This cause was lodged in this Court on September 1, 1972. No brief was filed nor was an extension of time in which to file a brief requested thereafter. On October 31, 1972, by order of this Court the cause was summarily submitted for opinion in accordance with the rules of this Court.

█ We have consistently held that where the defendant appeals from the judgment of conviction, and no briefs are filed in support of the petition in error, this Court will examine the records only for fundamental error. If none appears on record the judgment will be affirmed. Hendricks v. State, Okl.Cr., 497 P.2d 425.

█ We have carefully examined the record and reviewed the testimony and petition in error in the instant case and find no fundamental error. We further observe that the trial court relying on this Court's holding in Moran v. State, Okl.Cr., 316 P. 2d 876, instructed the jury that they must find that the defendant defaced or destroyed the property out of malice toward Calvin Boling, the owner thereof. We have carefully reviewed our holding in *Moran,* supra, and are of the opinion that the same should be overruled. 21 O.S. § 1760, provides as follows:

"Every person who maliciously injures, defaces or destroys any real or personal property not his own, in cases other than such as are specified in the following sections, is guilty of a misdemeanor, and in addition to the punishment prescribed therefor, he is liable in treble damages for the injury done, to be recovered in a civil action by the owner of such property or public officer having charge thereof."

This statute was first construed in Colbert v. State, 7 Okl.Cr. 401, 124 P. 78 (1912), wherein the court stated:

"This section was evidently intended to protect the owner of property, and was not meant to protect the property itself. Under the provisions of this statute, it matters not what the motives of the owner of property may be, he may deface or destroy it at pleasure without being liable to the pains and penalties prescribed therein. The statute also creates an increased civil liability for damages in favor of the owner of property so defaced or destroyed.

From this it is clear that the malice necessary to constitute this offense must be entertained against the owner of the property so defaced or destroyed, and

that an act will not constitute malicious mischief where it is done in good faith and under a reasonable claim of right."

We are of the opinion that the Colbert decision added an additional element, i. e. malice toward owner of the property, not required by the statute, which provides that "every person who maliciously injures, defaces or destroys any real or personal property not his own * * *." We are of the opinion that the modern interpretation of the statute would permit an inference of the maliciousness by the act itself. To hold otherwise would preclude prosecution of persons who indiscriminately slash automobile tires or break windows absent proof by the State that the defendant actually knew and had malice toward the owners thereof. The holding in *Moran,* supra, is expressly overruled. The judgment and sentence is affirmed.

BLISS, J., concurs.

BRETT, J., specially concurs.

BRETT, Judge (specially concurring):

I agree that this conviction should be affirmed, but I do not agree that the cases of Colbert v. State, supra, and Moran v. State, supra, should be overturned. In each of those cases the dispute arose out of a quarrel or disagreement in the nature of trespass. The destruction of property involved in those cases was not considered to have been done with malice toward the owners of the property, but instead to abate a nuisance. Consequently, I do not agree that they should be overturned.

With reference to the inference of malice toward the owner of property, when tires are slashed, etc., as mentioned in the decision, that inference may be reasonable even though the owner of the property is not known. That inference may be reached in the same manner intent would be inferred, from the facts and circumstances presented in cases wherein the element of intent is required.