## W. M. NUTT v. THE STATE.

In an indictment under Article 560, Hart. Dig., for wilfully and maliciously killing a bull, the property of another, it was held that it was not necessary to prove the brand; and the witness having been allowed to prove the brand by stating declarations of the alleged owner of the bull, to which defendant excepted, the Court refused to reverse the judgment, there being other sufficient testimony as to the ownership.

In an indictment under Article 560, Hart. Dig., for wilfully and maliciously killing any horse, cattle, &c., the property of another, it is not necessary to allege an intent to injure the owner.

It is within the discretion of the Court, to receive evidence in behalf of the State, after the argument to the jury has been commenced.

Appeal from Anderson. Tried below before the Hon. John H. Reagan.

Indictment for wilfully and maliciously killing a bull, on the first day of August, 1856, the property of one Cicero Waits, of the value of twenty-five dollars. The evidence was as follows:

S. H. Moore testified that sometime during the year eighteen hundred and fifty-six, the defendant told him he had killed a

bull branded with J. W., and that it was the bull of Fulton's; that he killed him to prevent him from jumping into his field. The witness told the defendant that was not the bull of Fulton's, but that it belonged to Waits. He afterwards examined the bull and it was branded B. W., which was the brand of Waits. He never saw Waits' brand in the record book, and knew nothing about it except what Waits told him. The bull was left with a number of other cattle in his charge by Waits, when he, Waits, left Anderson county and moved to Cherokee county, some thirty miles from where Nutt lived. He does not know whether Nutt is or ever was acquainted with Waits. They never, as he knew, lived in the same neighborhood. The bull he saw killed was in Anderson county, close to Nutt's field, where Nutt told him it was.

Frost sworn : States that Nutt told him he killed the bull to keep him out of the field ; never saw the bull.

The defendant then introduced James Duncan, who testified that he had seen the bull in Nutt's field ; they (Duncan) kept their cattle penned ; thought the bull was branded J. W., and it was supposed to be the bull of Fulton's.

It was also proven that the fence was built of rails, poles and brush, and not such a fence as required by the Statute.

The Court instructed the jury that the killing of an animal is wilful and malicious when it is not accidental, nor authorized by the owner, but unlawful, and done to the injury of the owner ; and that it was not necessary that the proof should show a special malice towards the owner ; and further, that the defendant was not authorized to kill the bull for breaking into his field, unless his fence was at least five feet high and he killed the bull to prevent him from destroying his crop ; and that if they found the defendant guilty, they should assess the punishment at a fine not exceeding one hundred dollars or by imprisonment in the county jail not exceeding ninety days, or by both of said punishments.

The defendant requested the Court to charge the jury, that

if they found that defendant had no malice towards the owner, and did not kill the bull wantonly, they should acquit him. Refused.

Verdict of guilty, and punishment assessed at fine of ten dollars. Motion for new trial overruled, &c.

It appeared by bill of exceptions, that defendant excepted to the admission of Moore's testimony as to Waits' brand ; and that after the evidence was closed, and the District Attorney had commenced his argument to the jury, the Court permitted him to prove the value of the bull ; defendant objecting.

*E. H. Horrell,* for appellant.

*Attorney General,* for appellee.

WHEELER, J. It does not appear that the witness's knowledge of the ownership of the animal depended upon his knowledge of the brand. The animal had been left in his charge by the owner ; and his knowledge, thus derived, was certainly sufficient to enable him to testify, as he did, to the ownership of such an animal. What was said about the brand was doubtless induced by the statement of the defendant to the witness ; and it was immaterial whether the brand was the one thing or the other. It was not necessary to prove a brand ; it was sufficient that the witness knew and testified to the ownership of the animal.

If, as counsel for the appellant suppose, the indictment had been founded upon article 520 of the Digest, it would have been necessary to aver and prove " the intent to injure the owner " of the animal ; as that is made by the Statute an ingredient in the offence there defined. But the indictment was founded upon Article 560 of the Digest, which defines the offence differently, and prescribes a different and a milder punishment. Under the provision of that Section of the Statute, the intention to injure the owner is not an ingredient in the offence ;

and consequently need not be averred or proved. The charge of the Court therefore was correct ; and it was right to refuse the instructions asked.

It was a matter addressed to the discretion of the Court, whether evidence of the value of the animal should be received after the evidence was closed ; and the admission of it is not a ground for reversing the judgment.

Judgment affirmed.