THE STATE v. FLYNN.

Criminal law: CONSPIRACY TO INJURE PROPERTY. In a prosecution for conspiracy to injure the property of another, under section 4408 of the Revision, evidence that the injury was done in the exercise of an avowed legal right which the testimony tended to establish, and without malicious or fraudulent intent, will not sustain a conviction.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 9.

CONSPIRACY. The appellant and his brother Michael were indicted under section 4408 of the Revision for fraudulently and maliciously conspiring together to injure the dwelling-house of one Margaret Flynn. The appellant was separately tried, found guilty, sentenced, and appeals.

*Phillips, Gatch & Phillips* for the appellant.

*Henry O'Connor,* Attorney-General, for the State.

DILLON, Ch. J.—This conviction cannot be sustained. The District Court should have granted the appellant's motion for a new trial on the ground that the evidence did not warrant the verdict.

The statute is, that if " two or more persons conspire or confederate together with the fraudulent or malicious intent wrongfully to injure the person *or property of another,*" they shall be punished, etc. Rev. § 4408.

The indictment charges a conspiracy to injure the dwelling-house of one Margaret Flynn. She was the wife of John Flynn, and was living with him in the house in question. It was also occupied by the mother of Jonn Flynn, who is a brother of the appellant. The house was built upon blocks. The legal title to the lot on which it was erected was in John. The great weight of the testimony, if not, indeed, the whole body of it, is to the effect that the house in question was built

and owned by the appellant, Owen Flynn, with the right to remove it. The criminal act complained of is the attempt of Owen to remove the house by raising it up with screws and putting blocks under it.

Without taking up the space to review the evidence, let it suffice to state that it clearly satisfies us that what Owen did in preparing to remove the building was done in the exercise of an avowed legal right, the existence of which the testimony conduced strongly, if not conclusively, to establish, and that it was not done in pursuance of a conspiracy wrongfully to injure, with malicious or fradulent intent, the property of another.

Reversed.