TERRITORY OF DAKOTA, Defendant in Error, *v.* CROZIER, Plaintiff in Error.

**Criminal Law — Malicious Mischief, What Constitutes.**

Under § 2, chap. 62, Laws 1881, Comp. L., § 6930, providing a penalty for "willfully or maliciously" injuring "any neat cattle * * * the property of another," there need be no express malice against the owner in order to constitute the offense, it is sufficient as to this if there was an intention to "injure" cattle, the property of another.

(Argued and determined at the May Term, 1887.)

ERROR to the district court, Codington county; Hon. L. K. CHURCH, Judge.

The indictment in this case alleged: "That William Crozier, upon the 14th day of October, 1885, at said county, with force and arms, did maliciously, feloniously and unlawfully injure neat cattle then and there the property of James Gordon and Charles Gordon, viz.: one bull, one steer and two heifers, by shooting the said animals with powder and shot by means of a shot-gun, said animals being then and there of the value of $100, contrary to the statute," etc.

At the close of the testimony the defendant at the proper time requested the court to instruct the jury as follows: "Before the jury can convict the defendant under the indictment in this case, they must be satisfied by the evidence beyond a reasonable doubt, that at the time of the alleged shooting, there existed express malice in the mind of the defendant against the owners of the property alleged to have been injured." The court refused this

request and instructed them on this issue as follows: "It is not a question of the intention to injure another person, but it is the intention to injure the property of another; and consequently if these cattle did, in fact, belong to some person at the time, it makes no difference whether the defendant knew at the time the offense occurred who was the owner of the cattle." The court also charged the jury that "the evidence   *   *   *   is undisputed that the cattle belonged to this man Gordon."

The defendant was found guilty as charged in the indictment. After the denial of a motion for a new trial and the entry of final judgment he sued out this writ.

The statute under which the indictment was drawn is as follows: "If any person or persons shall willfully and maliciously kill or destroy any neat cattle, horse, mule, ass or sheep of any age or value, the property of another or others, or shall willfully or maliciously injure any such animal or animals, the property of another or others, he or they shall be punished," etc.   § 2, chap. 62, L. 1881, Comp. L., § 6930.

*S. B. Van Buskirk*, for plaintiff in error.

Could there be a conviction without showing the act was prompted by a feeling of ill-will, or 'malice toward the owner? We think not.   See 4 Blackstone, 245, 2 East. C. L. 1072; Arch. C. L. (8th ed.) 1547; State v. Robinson, 32 Am. Dec. 661, n. p. 666; State v. Pierce, 7 Ala. 728; State v. Wheeler, 3 Vt. 344, 23 Am. Dec. 212; Northcot v. State, 43 Ala. 330; Hobson v. State, 44 id. 380; Dawson v. State, 52 Ind. 478; State v. Lend, 6 N. W. Rep. 168; State v. Enslow, 10 Ia. 115; Wright v. State, 30 Ga. 325; Duncan v. State, 49 Miss. 331; State v. Newby, 64 N. C. 23; State v. Jackson, 12 Ired. 329; State v. Latham, 13 id. 33; State v. Hill, 79 N. C. 656; State v. Wilcox, 24 Am. Dec. 569; Goforth v. State, 8 Humph. 37; U. S. v. Gideon, 1 Minn. 292; Kilpatrick v. People, 5 Den. 277; State v. Allen, 72 N. C. 114.

Section 2, chapter 62, Laws of 1881, by the use of "willfully or maliciously," instead of "maliciously, willfully," as in chapter 56, Penal Code, did not enlarge the rule as to the offense, for these words are used indiscriminately in characterizing the acts

that constitute crimes. Dexter v. Spear, 4 Mason, 115; Com. v. Kneeland, 20 Pick. 220; State v. Clark, 29 N. J. L. 96; Halstead v. State, 41 id. 552; Cutler v. State, 36 id. 125; State v. Preston, 34 Wis. 675.

*Chas. F. Templeton*, Attorney-General, and *F. E. Van Liew*, District Attorney, for defendant in error.

This indictment is under section 2, chapter 62, Laws 1881, C. L., § 6930. Willful injury alone without malice of any kind would have been sufficient. Willful does not imply malice or even an intention to injure another. § 769, Penal Code.

Plaintiff's instruction was properly refused. Johnson v. State, 37 Ala. 457, 4 Cr. L. M. 116; Tatum v. State, 66 Ala. 465, 8 Am. Dec. 670, n.; State v. Avery, 44 N. H. 392; State v. Hackfoth, 2 West. Rep. 588; Brown v. State, 26 Ohio, 176; Mosley v. State, 28 Ga. 190; Bish. C. L., § 436; Whart. C. L. (8th ed.), § 1082; State v. Williamson, 27 N. W. Rep. 259; Snap v. People, 19 Ill. 80.

Had the indictment been under section 694, Penal Code, it would not have been necessary to prove express malice against the owner. §§ 768, 772, Penal Code, and the authorities above cited. The purpose of these statutes was to prevent wanton injury to animals without regard to malice toward any one.

By the COURT:

The judgment in this case is affirmed. All the justices concurring, except THOMAS, J., not sitting.