Filed Sept. 19, 1889.

No. 14,972.

## BARLOW *v.* THE STATE.

CRIMINAL LAW.—*Malicious Trespass.*—*Claim of Right.*—A prosecution for malicious trespass will not lie where the act charged was done under an honest claim of right, without a mischievous or malicious intent.

From the Johnson Circuit Court.

*R. M. Miller* and *H. C. Barnett,* for appellant.

*J. C. McNutt,* Prosecuting Attorney, for the State.

Barlow *v.* The State.

MITCHELL, J.—The appellant was found guilty of the charge of maliciously and mischievously injuring the property of John Hemphill, by plowing up and destroying the garden of the latter, in which were sown and planted lettuce, onions, and other vegetables.

The uncontradicted testimony shows that the appellant is eighteen years old, and that he lives with, and works for, his father, John Barlow, who owns the lot on which the vegetables alleged to have been destroyed were growing. The lot had been rented to Hemphill some three years before, and had been used by him from year to year, in part as a vegetable garden. It appeared, however, that no garden had been made, or seed sown or planted the present year, but that some onions and lettuce had started to grow from seed which had fallen upon and remained in the ground over winter. In the latter part of March of the present year, the appellant, by the direction of his father, entered upon the lot, and, with the aid of other employees, plowed the ground and sowed it in oats.

There appears to have been some question between the father and Hemphill about the right to the possession of the lot, but the testimony is uncontradicted that the appellant did not know of the dispute, or that Hemphill claimed the lot. There is not a syllable of evidence tending to show a malicious or mischievous purpose on the part of the appellant; on the contrary, the entire evidence shows that he was simply obeying what he believed to be the rightful command of his father. Where a defendant is acting in good faith, doing what he honestly supposes he has a right to do, or what he believes it is his duty to do, he can not rightfully be made amenable to the criminal law in order to settle questions of disputed right. This mode of settling disputes, in which only matters of purely private concern are involved, and in which the State has no possible interest, is to be discouraged.

The machinery of the criminal law is not to be set in motion to redress merely private grievances, or to settle ques-

tions of property, where honest differences of opinion are involved. In a case like this, the absence of a malicious or mischievous purpose is a complete protection against criminal liability, and when it appears that a defendant acted in good faith, under an honest claim of right, the malicious or mischievous intent necessary to sustain a conviction is rebutted. *Hughes* v. *State*, 103 Ind. 344, and cases cited.

The judgment is reversed.

Filed Sept. 18, 1889.