## JOHN HAMILTON V. THE STATE.

### No. 2103. Decided March 21, 1900.

**1. Continuance.**

It was not error to refuse an application for continuance where the absent testimony would have been merely cumulative of testimony which was adduced at the trial, nor where the proposed absent testimony would not be material, nor where it would be purely of an impeaching character.

**2. Evidence After Argument Has Begun—Practice.**

The admission of testimony after argument has begun (Code of Criminal Procedure, article 698) is a matter in the sound discretion of the court, and a refusal to admit such testimony affords no ground for error unless there has been an abuse of the court's discretion.

**3. Improper Argument—Practice on Appeal.**

Improper remarks of the State's counsel will not be reviewed on appeal where defendant asked no charge of the court instructing the jury to disregard said remarks.

**4. Witness—Leading Questions—Bill of Exceptions.**

A bill of exceptions to the court's permitting leading questions to be asked a witness should show the connection in which the questions were asked and negative the fact that the circumstances surrounding the witness were such as to authorize leading questions to be asked.

**5. Rape—Charge.**

On a trial for rape, where the evidence depends solely upon the testimony of the injured female, while it is the duty of the jury to exercise great care and scrutiny in arriving at their verdict, there is no rule of law which requires the court to so instruct them. Gazley v. State, 17 Texas Criminal Appeals, 267, distinguished.

APPEAL from the District Court of Jackson on change of venue from Victoria. Tried below before Hon. WELLS THOMPSON.

Appeal from a conviction of rape; penalty, seven years imprisonment in the penitentiary.

This is the third appeal taken in this case. See Hamilton v. State, 36 Texas Crim. Rep., 372, and Hamilton v. State, 40 Texas Crim. Rep., 464. The salient features of the evidence can readily be seen by referring to those previous cases and to the opinion below.

No further statement necessary to illustrate any of the questions decided on this appeal.

*Fly & Hill*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at confinement in the penitentiary for a term of seven years, and he appeals.

Appellant made a motion for continuance, but whether it was the first, second, or some subsequent application is not shown. The diligence for the witnesses appears to be conceded by the State (if the statement in the application be true). Appellant claimed the continuance on account of the absence of Hollingsworth and Spoonts, both residents of Bell County, and Palmer and Mrs. Charles Speck, both resi-

dents of Victoria County. Appellant states in his application that he expected to prove by Hollingsworth that he knew the reputation of appellant when he lived in Bell County, several years before, and that he was a moral man, and also wanted him to contradict one Whaley, whom it was alleged would be a State witness. Whaley was not a State witness, and this eliminates that feature. With reference to the good repute of appellant, he introduced a number of witnesses to that effect, some of whom were from Bell County, and this witness would be but cumulative. We make the same observations with reference to the witness Spoonts' testimony in regard to character. We do not regard it material as to how appellant may have come into possession of the Daniels children, including the prosecutrix. Nor do we regard it as material that Palmer, who boarded at appellant's several months, would have testified that he saw nothing wrong between appellant and Dollie Daniels. If this were true, it would not signify appellant did not have carnal intercourse with Dollie Daniels as proven by her. The testimony of Mrs. Speck was purely of an impeaching character.

Appellant reserved an exception to the action of the court in refus-' ing to permit him to put the witness T. M. Hollingsworth on the stand. This witness, who lived in Bell County, was previously under process of the court, and the application for continuance was partly based on his absence. Pending the trial, and while appellant's counsel was making his argument to the jury, this witness arrived at court, and then appellant insisted on suspending the argument, and placing said witness on the stand. Appellant states that he then proposed to prove by said witness the reputation of appellant in Bell County, to the effect that he was an upright, honorable, moral man, and that he also would prove that he heard the testimony of Dollie Daniels on a former trial of said case; that she then swore that the first time defendant ever had carnal knowledge of her was in Bell County, and that defendant did not hurt her at the time; that he also heard said Dollie testify in a former trial that, when defendant had intercourse with her in the crib (which was the same occasion for which he was being prosecuted), she was on her knees, and appellant on his knees in front of her, and the act was done in that position. The court, in approving this bill, states that appellant, in applying for continuance, wanted said witness to impeach Whaley, and that Whaley was not put on the stand; that afterwards, when he reduced the application to writing, he also wanted said witness to prove the character of appellant; and, further, that when the witness appeared, after the argument had begun, defendant made no statement to the court that the said witness would testify to any other fact than that set out in the verbal and written application for continuance. The only new feature in regard to this testimony, not presented in the application for continuance, is with reference to the peculiar circumstances attending the act of cop-. ulation. This, it seems, was for the purpose of contradicting Dollie Daniels. But this feature of the case is eliminated from the bill by

the court's explanation.  The court says that the witness was not tendered for the purpose of contradicting Dollie Daniels in regard to her testimony given on the former occasion as to how the act of copulation occurred, so that the tender of the witness was made simply to prove the reputation of appellant as being a moral man.  As stated previously, the good reputation of appellant was proven by several witnesses; and moreover, this was not controverted by the State, it having introduced no testimony on the subject.  While article 698, Code of Criminal Procedure, authorizes the introduction of testimony after the argument has begun, when it shall appear to be necessary to a due administration of justice, yet this is a matter in the sound discretion of the court.  Thomas v. State, 1 Texas Crim. App., 289; Nutt v. State, 19 Texas, 340.  We do not believe under the circumstances of this case, there was an abuse of the court's discretion.

Appellant reserved a bill of exceptions to some remarks of State's counsel outside the record, as to what occurred on the occasion of a former trial.  While this was improper, no charge was asked instructing the jury in regard to such remarks, and we can not review the same.

In this connection we will also treat appellant's seventh bill of exceptions, which involves the same matter.  The witness Smith was placed on the stand by the State, and the bill of exceptions, as explained by the court, shows that the State was permitted to examine said Smith with regard to his action at a former trial of said case, while motion for continuance was pending, in going out to the house of appellant, and he was asked in regard thereto if defendant did not seek a continuance at that time because of the sickness of his wife, who was alleged to be sick, and if the court did not order a deputy sheriff to go to defendant's house to see if she was sick.  This witness answered in the affirmative, and without any objection.  Then the district attorney asked witness if he did not go out, and beat the sheriff and doctor there.  To which he answered, "Yes;" and explained that he went at the request of defendant, because Mrs. Hamilton was very nervous and excitable, and he wanted to warn her that the officers were going, so she would not be excited when the officer and doctor arrived.  In his argument the district attorney stated that said witness Smith must have gone out there to put Mrs. Hamilton to bed, and objection was made to these remarks, and exception taken accordingly.  As it is made to appear by the above explanation there was no objection to the testimony, but to the remarks of counsel, we make the same observations with reference thereto which were made above.

Appellant objected to certain leading questions propounded by State's counsel to prosecutrix.  The bill does not show the connection in which said questions were asked, nor do they negative the fact that the circumstances surrounding the witness at the time permitted the court, under its discretion, to authorize leading questions to be asked the witness.  So far as we are advised, there was no error as to this matter.

Appellant asked certain special instructions to the effect that, while a conviction for rape could be had upon the uncorroborated testimony of the prosecutrix, in such case the jury should rigidly scrutinize and carefully weigh the evidence, etc.; and in support of his contention that this charge should be given, he cites us to Gazley's case, 17 Texas Criminal Appeals, 267. Said authority supports the proposition that in cases of rape, where the evidence depends solely upon the testimony of the injured female, the jury should exercise great care and scrutiny in arriving at their verdict, weighing all the possibilities pro and con. While this may be the attitude of the jury, yet we know of no rule that requires the judge to so instruct them. At least the question is simply one of the sufficiency of the testimony to sustain the conviction. If the testimony is not sufficient, it would be our duty to reverse the case. In the Gazley case there was some contradiction of the witness, who was under the age of consent, as in the present case, but the circumstances of said case were in some respects different from the one at bar. In that case the prosecutrix was only 8½ years old, and the rape, according to her testimony, was accomplished in a stable near the house where her mother and others were, and, although she testified he had penetrated her, yet she gave no outcry, and after the alleged rape immediately returned to the yard, and played with the other children, and made no complaint whatever of being hurt, nor did she afterwards make any complaint against appellant until she was coerced to do so. The court, in passing on this case, animadverted on the surrounding circumstances to show the improbability that the offense was committed. In the case at bar the prosecutrix was 14 years old, and was living with appellant, and testified to a number of acts of carnal intercourse with him, evidently with her consent. While she was contradicted by other witnesses as to what she may have stated on former occasions, yet the jury appear to have believed her, and it was competent for them to do so. See Hamilton v. State, 36 Texas Crim. Rep., 372; Gazley v. State, 17 Texas Crim. App., 267. We do not deem it necessary to discuss the other questions raised. Finding no error in the record, the judgment is affirmed.

*Affirmed.*

BROOKS, Judge, absent.