(117 N. W. 529.)

---

STATE OF NORTH DAKOTA v. MOSES MINOR.

Opinion filed September 10, 1908.

**Criminal Law — Malicious Mischief — "Maliciously."**

1. The word "maliciously," as used in section 9315, Rev. Codes 1905, relating to the crime of "malicious mischief," is to be given a restricted meaning, and imports that the act to which it relates must have resulted from actual ill-will or revenge. It implies an intent to vex and annoy the owner of the property injured.

**Same — Malice Essential to the Offense.**

2. Malice is an essential ingredient of the crime of malicious mischief, and a conviction cannot be sustained in the absence of any evidence disclosing such malice.

**Same — Evidence.**

3. Evidence examined, and *held* not sufficient to warrant the conviction of appellant.

Appeal from District Court, Williams County; *Goss,* J.

Moses Minor was convicted of malicious mischief, and he appeals.

Reversed.

*Palda & Burke* (Engerud, Holt & Frame, of counsel), for appellant.

Acts done in good faith are not malicious in a legal sense.   State v. Flynn, 28 Iowa, 26; Sattler v. People, 59 Ill. 68; State v. Newkirk, 49 Mo. 84; State v. Hause, 71 N. C. 518; Goforth v. State, 8 Humph., 37; Palmer v. State, 45 Ind. 388; The King v. Langford, 1st C. & M., 602.

*T. F. McCue,* Attorney General; *R. N. Stevens,* Assistant Attorney General, and *Van R. Brown,* State's Attorney, for respondent.

An unlawful act intentionally done, without cause, is malice. State v. Grassler, 74 Mo. App. 313; Commonwealth v. York, 50 Mass. 93; State v. Foote, 71 Conn. 737.

Fisk, J.   The defendant was convicted in the district court of Williams county of the crime of malicious mischief, and from the judgment imposing a fine against him of $25, and costs taxed at $50, he prosecutes this appeal.

The information, omitting the formal parts, is as follows:   "On the 7th day of September, 1905, at the county of Williams, in the state of North Dakota, one Moses Minor, late of the county of Williams and state aforesaid, did commit the crime of malicious mischief, committed in the manner following, to-wit:   That at the said time and place the above-named defendant, willfully, wrongfully, unlawfully, and maliciously did injure, deface, destroy, and remove a certain building then and there situate upon lot 16 of block 1 of the plat of Wheelock, N. D., and did then and there willfully and wrongfully, unlawfully and maliciously, by removing from shelter in said building, and otherwise, and then and there injure, deface, and destroy certain furniture, fixtures, and machinery, all of said property then and there injured, defaced, destroyed, and removed as aforesaid being then and there the personal property of one A. E. Hughes, and part of the printing plant owned by A. E. Hughes, at Wheelock, N. D., said injury to said personal property being then and there done with malicious intent had in him, said Moses Minor, to deprive said A. E. Hughes of the benefit thereof."   The evidence disclosed that defendant is and was the owner of the lot upon which

said building was situate; he having purchased the same in December, 1904. Some time prior to such purchase the complaining witness Hughes moved the building thereon, under a verbal license of the then owner. It was and is defendant's contention that when he purchased said lot he had no notice that Hughes claimed to be the owner of the building, and he believed that by his purchase he acquired title to the building, as well as to the lot upon which it rested. A dispute naturally arose between these parties regarding the ownership of the building. Defendant caused notice to be served upon Hughes to vacate the premises, and, the latter not complying with such notice, defendant proceeded to and did enter said building, and removed certain personal property therein contained and belonging to Hughes from the building, leaving the same upon the public street, and he then proceeded to and did remove said building to another lot owned by him.

Appellant's assignments of error are grouped together, and discussed in his brief under the general proposition that the evidence does not sustain the charge embraced in the information, his chief contention being that the evidence fails to show any malice on the part of the defendant. We are entirely clear that such contention is sound. The defendant's conduct, in so far as the evidence discloses, was entirely consistent with the utmost good faith on his part. He did nothing from which it can even be inferred that he intended to do wrong, or to do anything except what he believed he had a legal right to do. He acted openly and not secretly, and there is not a scintilla of evidence showing or tending to show that his purpose was to vex or annoy the prosecuting witness, or to injure him in his property rights. Section 9315, Rev. Codes 1905, defining the offense of malicious mischief, provides: "Every person who maliciously injures, defaces or destroys any real or personal property not his own * * * is guilty of a misdemeanor. * * *" Under this statute malice is an essential ingredient of the offense, and we think that the word "maliciously" has a restricted meaning from that given to it generally in criminal statutes, and imports a wish or desire to vex, annoy, and injure the owner or possessor of the property. The authorities are somewhat divided upon the proper construction of such statutes, but the prevailing rule, and the one which meets with our approval, is set forth in 25 Cyc. 1676, as follows: "Malice is an essential ingredient of an offense of malicious mischief both at common law and under almost all of the statutes de-

fining the offense. As distinguished from the meaning attributed to 'maliciously,' as ordinarily employed in criminal statutes, as equivalent to wrongfully, intentionally, and without just cause or excuse, the word has been held in many statutes, directed against the unlawful destruction of property, to have a restricted meaning peculiar to such statutes, implying that the act to which it relates must have resulted from actual ill-will or revenge. This distinction first arose under the English statutes, but the statutes of the United States have been regarded as sufficiently like those of England to have been given the same construction in many cases." To the same effect see 19 Am. & Eng. Enc. of Law, 641, and cases cited. Also 2 Bish. Cr. Law, section 996, note 10; Nutt v. State, 19 Tex. 340; State v. Boies, 68 Kan. 167, 74 Pac. 630; Com. v. Williams, 110 Mass. 401; State v. Johnson, 7 Wyo. 512, 54 Pac. 502; Rose v. State, 19 Tex. App. 470; State v. Flynn, 28 Iowa, 26; Barlow v. State, 120 Ind. 56, 22 N. E. 88.

Applying the above rule of construction to the evidence in this case, we are required to hold that the state wholly failed to establish the charge contained in the information, and we therefore conclude that the judgment appealed from must be reversed, and a new trial ordered. All concur.