### RAY THISSEN v. STATE.

No. A-3688. Opinion Filed Sept. 23, 1922.
(209 Pac. 224.)

(Syllabus.)

1. **Malicious Mischief—Statute for Protection of Owner of Property and not Property Itself.**—Section 2765, Rev. Laws 1910, creating the offense of malicious mischief for defacing or destroying real or personal property, was intended to protect the owner of such property, and is not for the protection of the property itself.

2. **Same—Necessity for Malice Toward Owner of Property.**—In a prosecution for malicious mischief under section 2765, Rev. Laws 1910, malice toward the owner of the property defaced, injured, or destroyed is a necessary ingredient of the offense.

3. **Same—Animals—Malicious Mischief in Killing Dog.**—To support a conviction for malicious mischief arising out of the killing of a dog, belonging to another, the state need not show actual or express malice toward the owner of such dog, but it must establish such a degree of malice against the owner

which the law deems sufficient to be inferred from the nature of the act itself and from the circumstances which accompany and characterize it.

4.     Same—Conviction not Sustained by Evidence.—For evidence held not to show malice sufficient to sustain a conviction under section 2765, Rev. Laws 1910, see body of opinion.

Appeal from County Court, Craig County; Frank L. Haymes, Judge.

Ray Thissen was convicted of the crime of malicious mischief, and he appeals. Reversed and remanded.

Kornegay & Probasco, for plaintiff in error.

The Attorney General, for the State.

MATSON, J. Defendant was prosecuted in the county court of Craig county for the crime of malicious mischief, and on a trial by jury was found guilty, and sentenced to pay a fine of $25.

Defendant shot and killed the dog of the prosecuting witness while the same was trespassing on his farm a few miles distant from the city of Vinita, in Craig county, Okla. The prosecuting witness and a friend had taken three greyhounds belonging to them from the city of Vinita into the country for the purpose of chasing jack rabbits, and the dogs had pursued a rabbit across the premises of defendant, through his orchard, and near to his house and barn.

Defendant saw the dogs, but did not see anybody accompanying them. It appears that at the time defendant shot and killed the dog the prosecuting witness and his friend were about a quarter of a mile away, and were not seen by defendant. Defendant says he thought the dogs were stray dogs, and that he shot at them for the purpose of scaring them off his premises in order to prevent them from disturbing his livestock and from tolling his own dog away with them.

Defendant also states that he fired first over the dogs, and that two of them ran away, while the third started directly toward him, apparently, as he believed, to attack him, and that he then shot and killed the dog when the same was about 15 or 20 feet away from him.

The prosecuting witness and his friend state that defendant fired 4 or 5 times at the dogs, and that at the time defendant shot the dog in questiton he was 20 or 30 yards away from him, and that the dog was not attempting to attack defendant. Defendant and the prosecuting witness were strangers.

The charging part of the information is as follows:

"That Ray Thissen did, in Craig county and in the state of Oklahoma, on or about the 11th day of May, 1919, and anterior to the presentment hereof, commit the crime of malicious mischief in manner and form as follows, to wit:

"That the said Ray Thissen, in the county and state aforesaid, on the day and date aforesaid, did maliciously injure and destroy certain personal property, to wit, a dog, the said dog not being the property of the said Ray Thissen, but was then and there the property of one J. H. Wagoner, and the said dog was at that time assessed and listed for taxation in said Craig county, Okla., for the year 1919, contrary," etc.

Defendant demurred to the information on the ground that the statements therein contained did not constitute a crime, nor show that defendant was guilty of the commission of any offense. The demurrer was overruled, and exception taken by defendant to such ruling.

Defendant also demurred to the evidence of the state on the ground that there was no evidence showing the commission of the offense charged in the information, and no evidence showing defendant guilty of malicious mischief, which demurrer was overruled and excepted to.

At the conclusion of all the evidence defendant requested the court to direct a verdict of not guilty, on the ground that the state had failed to prove any malicious intent on the part of the defendant toward the owner of the dog, and for the reason that there was no evidence in the case to establish the charge contained in the information, which motion was overruled and excepted to.

Defendant requested the court, among instructions requested, to charge the jury in effect that a necessary ingredient of the crime charged was malice toward the owner of the dog, and that malice against the animal, if proved, would not warrant a conviction.     These several requested instructions were refused, to which action proper exceptions were saved.

In the general charge to the jury the court gave no instruction along the lines of those requested by the defendant, but did instruct the jury that—

Malice was "a necessary ingredient, to be proved or made to appear from the facts or circumstances proved.     Without this ingredient the crime is not complete, and the act complained of would be only a trespass, for which the party injured would be compelled to resort to a civil action for redress, and not a criminal prosecution; and, unless you believe from the evidence beyond a reasonable doubt that such malice has been proven, it is your duty to acquit the defendant."

The trial court also defined malice as follows:

"The court instructs the jury that malice includes not only anger, hatred, and revenge, but every other unlawful and unjustifiable motive.     Malice is not confined to ill will toward an individual, but is intended to denote an action flowing from any wicked and corrupt motive, a thing done with a wicked mind, where the fact has been attended with such circumstances as evince plain indications of a heart regardless of social duty, and fatally bent on mischief; hence malice is implied from any deliberate or cruel act against

another, however sudden, which shows an abandoned and malignant heart."

Among several assignments of error, it is contended that the refusal of the trial court to give the requested instruction requiring proof of malice against the owner of the dog, either in the form requested or else in a modified form, was prejudicial to the substantial rights of defendant because of the failure of the court in the general charge to limit the jury in this respect.

This prosecution is based upon section 2765, Revised Laws 1910, which reads as follows:

"Any person who maliciously injures, defaces or destroys any real or personal property not his own, in cases other than such as are specified in the following sections, is guilty of a misdemeanor, and in addition to the punishment prescribed therefor, he is liable in treble damages for the injury done, to be recovered in a civil action by the owner of such property or public officer having charge thereof."

In construing this section of the statutes, this court, in the case of Colbert v. State, 7 Okla. Cr. 401, 124 Pac. 78, held:

"Section 2692, Comp. Laws 1909 [section 2765, Revised Laws 1910], creating the offense of malicious mischief for defacing or destroying real or personal property, was intended to protect the owner of such property, and is not for the protection of the property itself."

"Malice toward the owner of such property is a necessary ingredient of the offense."

In 8 Ruling Case Law, p. 300, it is said:

"It is very generally held that the killing or injuring of a domestic animal does not constitute malicious mischief unless the act is done with malice against the owner; malice against the animal itself being insufficient no matter how brutal or cruel the act may be."

While there is a considerable conflict of opinion as to whether in prosecutions for malicious mischief against the property of another a malicious intent to injure the owner of the property is a necessary ingredient of the offense, it seems to be the general rule, however, that as to malicious injuries to animals an intent to injure the owner is a necessary ingredient. These holdings were perhaps the outgrowth of the very general statutes of the states directed against cruelty to animals—the courts almost universally holding that in prosecutions under such statutes malice toward the owner of the animal is not essential to be proved. Such a statute is section 2746, Revised Laws 1910. Our statutes were taken from Dakota. In the case of State v. Minor, 17 N. D. 454, 117 N. W. 528, 19 L. R. A. (N. S.) 273, the Supreme Court of North Dakota, construing a statute identical with section 2765, supra, held:

"The word 'maliciously,' as used in section 9315, Rev. Codes 1905, relating to the crime of 'malicious mischief,' is to be given a restricted meaning, and imports that the act to which it relates must have resulted from actual ill will or revenge. It implies an intent to vex and annoy the owner of the property injured."

In construing the cruelty to animals statute, in Terr. v. Crozier, 6 Dak. 8, 50 N. W. 124, it was held that express malice against the owner was not necessary to constitute the offense; that it was sufficient if there was an intent to injure cattle of another.

Section 2822, Revised Laws 1910, defines the terms "malice" and "maliciously" to "import a wish to vex, annoy, or injure another person, established either by proof or presumption of law."

While under our statutes it would probably not be necessary for the state to establish actual or express malice

toward the owner of the property, it is essential, we believe, in prosecutions under section 2765 (especially is this true where the property injured or killed is a domestic animal) to establish such a degree of malice against the owner, whoever he might be, which the law would deem sufficient to be inferred from the nature of the act itself and from the circumstances which accompany and characterize it.

The failure of the trial court to instruct that malice toward the owner of the property was a necessary ingredient of the offense when requested to do so was, in the opinion of the court, prejudicial to the substantial rights of defendant, in that the court failed to fully cover the law applicable to the charge and the evidence, and for such reason the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

DOYLE, P. J., and BESSEY, J., concur.