LEO ROSENBERG ET AL. *v.* STATE OF MARYLAND.

[No. 42, January Term, 1933.]

*Decided March 22nd, 1933.*

474

The cause was argued before BOND, C. J., URNER, AD-
KINS, OFFUTT, and PARKE, JJ.

· *Charles G. Watson,* with whom was *Edward J. Ryan* on
the brief, for the appellants.

*William Preston Lane, Jr., Attorney General, G. C. A.
Anderson, Assistant Attorney General,* and *William A. Hus-
ter, State's Attorney for Allegany County,* submitting on
brief, for the State.

URNER, J., delivered the opinion of the Court.

The appellants were convicted upon an indictment charg-
ing them with having unlawfully, wilfully, and maliciously
destroyed a post standing on the premises of Elizabeth Mor-
ton in Allegany County. It was proved that the alleged de-
struction of the post consisted of its removal from an area,
partly included within the lines of Mrs. Morton's lot of
ground in Lonaconing, which one of the appellants and his
co-owner of the adjacent property had been using as an alley
way. The post had been planted as a means of preventing
the use for this purpose of the portion of the area to which
Mrs. Morton held record title. As the remaining part of the
open space between the abutting buildings was not wide
enough for the passage of vehicles, the maintenance of the
post would close the area as a driveway affording the only
vehicular access to the garage which the adjacent owners,
claiming the right to such user, had erected on the rear of
their lot. One of the appellants was an employee of the
other, who was one of three brothers for whom their father
had purchased the property which the disputed easement had
served. The only exception pressed on appeal was taken be-
cause of the trial court's refusal to permit a question asked
for the evident purpose of proving that the removal of the
post was not malicious, but was in pursuance of the advice
of counsel.

The father of the appellant co-owner, after testifying to
facts indicating that he represented his sons in reference to

the property interests in question, was asked. "Did you talk to your counsel before any action had been taken in this matter at all?" An objection by the State being interposed, the court inquired: "What is the object of this testimony?" Counsel for the defense replied: "My object, your Honor, is to show he was advised by counsel he had a right to use the ground." The objection was thereupon sustained. The exception to that ruling is, we think, sufficient to raise the question whether the allegation of willful and malicious destruction contained in the indictment was rebuttable by proof that the post, which had been planted pending the easement controversy, was removed in the honest assertion of a property right which it designedly obstructed.

Prior to the event with which the indictment is concerned, a suit in equity was brought by the owners of the adjoining property to restrain Mrs. Morton from planting a post, as she was then threatening to do, in the portion of the intervening ground in which she owned the fee, and which was alleged in the bill of complaint to have been used, with the other portion, as a driveway by the plaintiffs and their predecessors in title, adversely for more than thirty years. The trial of that suit resulted in the dissolution of the preliminary injunction and the dismissal of the bill "without prejudice." In thus disposing of the case, the chancellor, in an opinion accompanying the decree, stated that there was "a genuine controversy" as to the existence of the easement claimed by the plaintiffs, but that as their right was "not free from reasonable doubt or dispute," their proper remedy, for an obstruction of the way, was by an action at law and not by a suit for an injunction.

Promptly after that decision was rendered, the post mentioned in the indictment was planted. Its removal followed without delay. The right to maintain it could have been contested in an action of trespass on the case, the use of the ground as a driveway being suspended during the period of such litigation. On the other hand, Mrs. Morton could have sued for the trespass which she claimed to be involved in the use of her land as part of the driveway appurtenant to the

adjacent property, or she could have sued in trespass for the removal of the post after she had planted it for the assertion of her title. It had been decided by the chancellor that there should be a resort to a court of law for the determination of the dispute between the proprietors of the adjoining premises, but the consequences to those relying on the easement from its obstruction pending the decision of the dispute would be necessarily much more serious than the inconvenience to the opposing owner from a continuance, during that period, of the pre-existing user. The dismissal of the injunction suit "without prejudice" left the plaintiffs' "rights and claims unaffected by the decree." *O'Keefe v. Irvington Real Estate Co.,* 87 Md. 196, 199, 39 A. 428; *McDowell v. Goldsmith,* 24 Md. 214; *Block v. Baltimore,* 149 Md. 39, 60, 129 A. 887. The methods employed for the protection of the respective interests did not make the dispute to be eventually decided any the less "a genuine controversy." It did not lose that character because it became a subject of inquiry in a criminal prosecution.

The removal of the post was not a criminal act unless it was done "wilfully and maliciously," as charged in the indictment. Any evidence legitimately tending to refute that charge was pertinent to the issue. The term "wilfully," for the purposes of such an accusation, is used to characterize an act done with deliberate intention for which there is no reasonable excuse (*Cover v. Taliaferro,* 142 Md. 586, 122 A. 2), and the word "maliciously" is descriptive of a wrongful act committed deliberately and without legal justification (*Cumberland Glass Mfg. Co. v. De Witt,* 120 Md. 381, 87 A. 927; *McCarter v. Balto. Chamber of Commerce,* 126 Md. 131, 94 A. 541). In *Comm. v. Drass,* 146 Pa. 55, 23 A. 283, a fence to obstruct the use of a disputed area was removed by the opposing claimant. The statute made it a misdemeanor to maliciously or wantonly break down any fence erected for the inclosure of land. It was proposed to prove that the defendant tore down a fence in the exercise of a supposed right, but that offer was refused. The Supreme Court said (page 60 of 146 Pa., 23 A. 233, 234): "The mere act of tearing

down a fence is not necessarily malicious or wanton. It may be done in the honest exercise of a right. Surely, if some one erects a fence which denies or obstructs my entrance to my house or grounds, I may remove it without subjecting myself to an indictment in the quarter sessions. Such an act lacks every element of malice or wantonness." Other decisions recognizing that principle were rendered in *Sattler v. People,* 59 Ill. 68; *Dye v. Commonwealth,* 7 Grat. (48 Va.) 662; *Colbert v. State,* 7 Okl. Cr. 401, 124 P. 78; *State v. Minor,* 17 N. D. 454, 117 N. W. 528; *Reg. v. Matthews,* 14 Cox Crim. Cases, 5; *Reg. v. Langford, Carrington and Marshman* (Eng.), 602.

It is said in 2 *Wharton, Criminal Law* (12th Ed.), sec. 1325: "An honest belief in title is a defense to an indictment for malicious trespass. And this is peculiarly the case when the trespass is the removal of fences." See, also, 2 *Bishop, Criminal Law* (9th Ed.), sec. 996.

By the statute under which the defendants in this case were indicted it is provided that any person who shall 'wilfully or maliciously * * * destroy * * * any fencing, * * * shall, on conviction thereof, be adjudged guilty of a misdemeanor. * * * " Code, art. 27, sec. 98. The post which the indictment describes as fencing was erected solely for the purpose of asserting a property right which the owners of the adjacent ground were contesting. In their effort to prove that the removal of the post, for the protection of the user which it obstructed, was not a criminal offense, within the purview of the statute, the defendants were entitled, in our judgment, to the benefit of the proffered but rejected evidence ' tending to prove that they acted in accordance with the advice of counsel.

*Judgment reversed, and new trial awarded*