## HITT *v.* STATE

[No. 420, September Term, 1963.]

*Decided July 8, 1964.*

Submitted on the brief to Brune, C. J., and Henderson, Hammond, Prescott, Horney, Marbury and Sybert, JJ.

Submitted by *Roland Walker* and *William O. Goldstein* for the appellant.

Submitted by *Thomas B. Finan, Attorney General, Frank Goldstein, Assistant Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *John E. DeKowzan, Assistant State's Attorney,* for the appellee.

Per Curiam.

Edward James Hitt appeals his conviction of robbery with a deadly weapon. In addition to challenging the sufficiency of the evidence to convict him, he contends he was illegally arrested and that as a result certain evidence used against him at his trial was illegally obtained and should not have been admitted.

The victim, Smith, a taxicab operator, picked up Hitt as a fare at about 2:15 a. m. on June 27, 1963, and on the latter's order took him to Eastern Avenue and Robinson Street in Baltimore, where appellant pointed a pistol at Smith and demanded money. Smith gave Hitt about thirty dollars and a money changer containing coins. As soon as he could, Smith notified the police that he had been robbed. This information was placed on a police broadcast. Sergeant Fialkiewicz in a police car cruising near the scene of the reported crime, proceeded there where he found Smith, who gave him a description of the person who had robbed him. He then began a search of the neighborhood for a man of this description, and within a few blocks he and another police officer in a separate car came upon Hitt, who fitted the description given by Smith. They appre-

hended him, searched him, and in addition to finding an inordinate amount of change, discovered a loaded pistol in Hitt's belt on the right side. At this point when asked by the officer why he did it, he volunteered, "You would do anything. You would hold up, too, if your baby needed milk." A subsequent search of the neighborhood after daylight resulted in recovery of a money changer in a sewer a block and a quarter from where the holdup took place.

Without question the police had probable cause to believe Hitt guilty of a felony, so his arrest and search were legal. *Mulcahy v. State,* 221 Md. 413, 422, 158 A. 2d 80. Cf. *Farrow v. State,* 233 Md. 526, 197 A. 2d 434, where on facts not as compelling as in this case, we upheld an arrest and contemporaneous search which resulted as a consequence of a police "lookout" broadcast. The admission, or admission in the nature of a confession was voluntarily uttered, and there was no error in allowing it as a part of the officer's testimony. *Stewart v. State,* 232 Md. 318, 193 A. 2d 40.

Smith had ample opportunity to observe appellant, his description was given to the police immediately after the crime while still fresh in his mind, and not only did he later pick Hitt out of a police line-up of five similar men, but he also identified him positively at the trial as the man who robbed him. His credibility as well as that of the other witnesses and the probative value to be given the money changer found which Smith said was similar to his own were for the court, sitting without a jury, to weigh. The evidence as summarized, if believed by the trial judge, and the proper inferences that might legitimately have been drawn therefrom, clearly permitted the finding of guilty. *Veney v. State,* 227 Md. 608, 611, 177 A. 2d 883.

*Judgment affirmed.*