## GIBSON AND GIBSON *v.* STATE

[No. 286, September Term, 1964.]

*Decided April 27, 1965.*

The cause was argued before HAMMOND, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

*C. Rogers Hall, Jr.,* for appellants.

*Miss Dickee M. Howard, Special Attorney,* with whom were *Thomas B. Finan, Attorney General,* and *T. Bryan McIntire, State's Attorney for Carroll County,* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

Herman Gibson and his wife, Helen, appellants, were indicted by the Grand Jury for Carroll County for wilfully and maliciously destroying a fence on property owned by Carroll Strauss, under the provisions of Code (1957), Article 27, Section 111. On June 2, 1964, the court, sitting without a jury, found them guilty and sentenced each of them to pay a fine of $100 and costs. They appealed from this judgment and sentence.

The property in question lies north of Birdview Road, which is an east-west thoroughfare in Carroll County. The Strauss property lies contiguous to Birdview Road, and the appellants' farm lies north of the Strauss property. A farm road runs from

Birdview Road north across the Strauss property and continues into the Gibson farm. A bill in equity was filed on June 28, 1963, by the appellants to enjoin Mr. and Mrs. Strauss from interfering with their right to use this roadway. Testimony was heard by the Circuit Court for Carroll County in August 1963 but the court withheld its decision until June 1, 1964, when it granted the injunction against the Strausses from interfering with the Gibsons' use of the road.

Mr. Strauss testified that the fence which was destroyed was located parallel to and about three or four feet from the farm road. He observed the appellants on January 23, 1964, cutting this barbed wire fence along his property. He stated that when he walked out from behind a tree Mr. Gibson had a gun and threatened to "shoot your legs out from under you" if he interfered. The next day, he hid in his barn and took photographs of the Gibsons again cutting his fence. These photographs were admitted into evidence. He further testified that the fence did not impair the use of the roadway.

The appellants on the other hand, testified that the Strauss fence closed the roadway and interfered with their little girl in reaching a school bus. It was evident that there had been "bad blood" between the parties concerning the use of this road and there was evidence that the Strausses had in the past erected and placed obstructions in the roadway for the purpose of harassing the appellants.

The Gibsons on this appeal present only one question: was there sufficient evidence under the statute [1] presented to the court below to warrant a finding of guilty. Their principal argument is that the State did not prove that the actions of the appellants were wilful and malicious. They rely on the case of *Rosenberg v. State,* 164 Md. 473, 165 Atl. 306. There Rosenberg and another were convicted of unlawfully, wilfully, and

---

1. Code (1957), Art. 27, § 111 provides: Any person who shall wilfully and maliciously destroy, injure, deface or molest any real or personal property of another shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall be subject to imprisonment for a period of not more than one year or to a fine of not more than five hundred dollars ($500.00), or to both imprisonment and fine.

maliciously destroying a post standing on the property of one Morton. It was proved that the destruction of the post consisted of its removal from an area partly included within the lines of Morton's property which Rosenberg had been using as an alleyway. The post was planted to prevent such use. Rosenberg claimed on appeal that the removal of the post was not malicious. Judge Urner defined the term "wilfully" as characterizing an act done with deliberate intention for which there is no reasonable excuse, and the word "maliciously" as a wrongful act committed deliberately and without legal justification. Under these definitions this Court held that Rosenberg was asserting a property right which the owners of the adjacent ground were contesting and thus this did not constitute a criminal offense.

The facts in the Rosenberg case are quite different from those in the case now before us. The photographs admitted in evidence clearly show the fence on the property of Strauss being cut up by a man and a woman. The court found upon careful examination that the woman in the picture was Mrs. Gibson at the fence four feet from the road, and the man standing nearby had a gun under his arm. There is no question that the parties were "feuding" over the roadway and that emotions ran high concerning its use. This Court has many times held that our function in reviewing the sufficiency of the evidence on an appeal from a conviction in a non-jury criminal case is whether the court below had sufficient evidence from which it could be fairly convinced beyond a reasonable doubt of the defendant's guilt of the offense charged. *Hitt v. State,* 235 Md. 544, 201 A. 2d 771; *Graczyk v. State,* 233 Md. 245, 196 A. 2d 469. On appeal, this Court will review the case upon both the law and the evidence, but the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses. Maryland Rule 886 a.

The testimony of Mr. Strauss was clear and unequivocal that he observed the appellants on January 23, 1964, cut his fence, and the next day he stayed home from work and again saw them cut his fence. At this time he took photographs of them in the act. The evidence is also undisputed that the fence that

418

was cut in no way impaired the use of the roadway nor did it touch or intrude on the appellants' property. This evidence was believed by the trial judge who observed the witnesses and, together with proper inferences that might be drawn from all of the attendant circumstances, clearly permitted a finding that the appellants were guilty of wilful and malicious destruction of property.

*Judgment affirmed. Appellants to pay the costs.*