626 A.2d 366

**In re Taka C.**

**No. 16, Sept. Term, 1992.**

Court of Appeals of Maryland.

June 24, 1993.

Julia Doyle Bernhardt, Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

PER CURIAM.

In this juvenile delinquency proceeding, Taka C. was charged in the Circuit Court for Cecil County with committing the delinquent act of malicious destruction of property. The accusation arose out of his participation with several other boys in sledding down a hill which ended at the wall of a building. The boys used two car hoods as sleds, which Taka and another boy had brought to the hill. The building and hill were situated in such a way that it would have been difficult to ride down the hill without hitting the building at the bottom. At some point, Taka and another boy piled snow against the bottom of the building so they would not hit it directly. This precaution notwithstanding, the building sustained damage from the impact of the car hood sleds against it.

The owner of the building discovered the damage quickly, when he performed his daily inspection of the building. He also noticed sled tracks and a car hood leaning against the building. The police officer who responded to the owner's call observed that scratches and paint on one of the car hoods matched scratches and paint damage to the building. When the officer questioned Taka in the course of her investigation,

Taka denied ever hitting the building but acknowledged that he had been sledding there and had hit the snow pile.

Under Maryland Code (1957, 1992 Repl.Vol., 1992 Supp.), Article 27, § 111(a), it is a misdemeanor for a person to "wilfully and maliciously destroy, injure, deface or molest any real or personal property of another." As previously indicated, this statute formed the basis for the delinquency charge against Taka. After an adjudicatory hearing, the circuit court found that Taka had engaged in conduct which would constitute the crime of malicious destruction of property if it had been committed by an adult.[1] The court adjudged Taka to be delinquent and, following a disposition hearing, placed him on probation. The court further ordered "restitution payable in the amount of $1,384.66, and they'll [Taka and one other boy] be jointly and severally liable."

Taka noted an appeal to the Court of Special Appeals, contending that the State had failed to establish the requisite specific intent to injure the property. The intermediate appellate court, in an unreported opinion, affirmed the judgment of the circuit court. The Court of Special Appeals stated that the intent to injure the property of another may be inferred from the circumstances. The appellate court reasoned that the circuit court could have "inferred the requisite malicious intent from the act of sledding down a hill with full awareness of a building at the bottom of the hill," and concluded that the circuit court properly found Taka to be delinquent. Thereafter, we granted Taka's petition for a writ of certiorari, 326 Md. 435, 605 A.2d 137.

In this Court, Taka argues that there was no evidence showing that he acted wilfully and maliciously, as required by the statute. He points out that the crime of malicious destruction of property is a specific intent crime, requiring the specific intent to damage the property. He contends that he

---

1. Maryland Code (1974, 1989 Repl.Vol.), § 3–801(k) of the Courts and Judicial Proceedings Article provides as follows:

   "*Delinquent act.*—'Delinquent act' means an act which would be a crime if committed by an adult."

did not possess the requisite intent to damage the building, but that his actions were, at most, negligent.

In response, the State acknowledges that a negligent act would not be sufficient to support a conviction for malicious destruction of property. The State contends, however, that the trial judge did find that Taka acted with the requisite mens rea, and asserts that there was sufficient evidence to support this finding.

Article 27, § 111, prohibits a person from wilfully and maliciously destroying, injuring, defacing or molesting any real or personal property of another.[2]  In the instant case, Taka questions whether the mens rea requirements, wilfulness and malice, were established. This Court most recently considered the mens rea requirements for malicious destruction of property in *Shell v. State*, 307 Md. 46, 65, 512 A.2d 358, 368 (1986), stating:

> "With respect to statutes imposing criminal sanctions upon those who 'wilfully and maliciously' destroy or harm property, this Court has clearly indicated that effect must be given to both the element of wilfulness and the element of malice."

*Shell* went on to discuss generally the elements of wilfulness and malice. *See also Brown v. State*, 285 Md. 469, 403 A.2d 788 (1979); *Gibson v. State*, 238 Md. 414, 209 A.2d 242 (1965);

---

**2.** Code (1957, 1992 Repl.Vol., 1992 Supp.) Art. 27, § 111, provides as follows:

"(a) *Violation constitutes misdemeanor.*—Any person who shall wilfully and maliciously destroy, injure, deface or molest any real or personal property of another shall be deemed guilty of a misdemeanor.

"(b) *Penalty where amount of damage is less than $300.*—If the amount of damage to the property defaced, destroyed, injured, or molested has a value of less than $300, the person who violates this section, on conviction, is subject to a fine not exceeding $500 or imprisonment not exceeding 60 days or both.

"(c) *Penalty where amount of damage is greater than $300.*—If the amount of damage to the property defaced, destroyed, injured, or molested has a value of $300 or more, the person who violates this section, on conviction, is subject to a fine not exceeding $2,500 or imprisonment not exceeding 3 years or both."

*Seward v. State,* 208 Md. 341, 118 A.2d 505 (1955); *Rosenberg v. State,* 164 Md. 473, 165 A. 306 (1933).

■ The *Shell* case made it clear that malicious destruction of property is a specific intent crime, requiring more than the general intention to do the immediate act. It "requires both a deliberate intention to injure the property of another and malice." *Shell,* 307 Md. at 68, 512 A.2d at 369. In *Shell,* we explained the difference between general and specific intent as follows (307 Md. at 62, 512 A.2d at 366, quoting with approval *Smith v. State,* 41 Md.App. 277, 305, 398 A.2d 426, 442, *cert. denied,* 284 Md. 748 (1979)):

> " 'A specific intent is not simply the intent to do the immediate act but embraces the requirement that the mind be conscious of a more remote purpose or design which shall eventuate from the doing of the immediate act.' "

*See also State v. Wilson,* 313 Md. 600, 605 n. 2, 546 A.2d 1041, 1043 n. 2 (1988). In other words, it is not sufficient that the defendant merely intended to do the act which led to the damage to property; it is necessary that the defendant actually intended to cause the harm to the property of another. Furthermore, as Taka and the State agree, it is certainly not sufficient that the damage was caused through the defendant's negligent act.[3]

■ The State contends that the circuit court found that Taka acted intentionally, with sufficient malice to support a conviction for malicious destruction of property. The State points to the court's statement that, "when you're on top of a hill and a building is right on the bottom, you must intend to stop if its there. It's malicious there, it's close, but it's there." This statement, the State asserts, represents a finding that the petitioner specifically intended to hit the building and to cause the damage to it. The State then sets forth a summary of evidence tending to prove that, given the locations of the

---

3. Although the Court of Special Appeals had indicated that "gross negligence" might suffice, *Duncan v. State,* 5 Md.App. 440, 248 A.2d 176 (1968), we explicitly rejected that view in *Shell v. State,* 307 Md. 46, 68 n. 17, 512 A.2d 358, 369 n. 17 (1986).

hill and the building, it was a legitimate inference that the petitioner intended to hit the building.

We do not believe that the trial court's statement can be read to include a finding that the petitioner intended to damage the building. The statement encompasses only the general intent to do the act which caused the harm—the intent to hit the building. The State implicitly acknowledges this shortcoming when it characterizes the trial court's finding as a "determination that Taka C. must have intended to hit the building when he slid down the hill." (Brief, at 11). Thus, the State overlooks the very nature of specific intent: the petitioner must have intended to cause damage, not merely to do the act which caused the damage. The circuit court did *not* find that Taka hit the building, specifically intending to damage it. Absent this finding of specific intent to cause harm, the judgment of the lower court must be reversed.

Moreover, even if the circuit court's statement could be read to include a finding of specific intent to cause damage, as the State contends, this finding would have to be set aside as clearly erroneous. The evidence demonstrated that Taka and a friend piled snow against the building to avoid causing damage. This negates any finding that he intended to cause damage. The evidence on this point was uncontroverted by the State and, indeed, was corroborated by the State's witnesses and exhibits. There was absolutely no evidence which would support a finding of specific intent to cause damage to the property. Consequently, the circuit court's finding of delinquency must be reversed.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR CECIL COUNTY AND TO REMAND THE CASE TO THE CIRCUIT COURT FOR CECIL COUNTY WITH DIRECTIONS TO DISMISS THE PETITION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY CECIL COUNTY.